Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant v. Joseph T. Mumma, Appellee.

Submitted on briefs November 16, 1983, to Judges WILLIAMS, JR., CRAIG and MACPHAIL, sitting as a panel of three.

*Lawrence R. Wieder*, Assistant Counsel, with him *Harold H. Cramer*, Assistant Counsel, *Ward T. Williams*, Chief Counsel, and *Jay C. Waldman*, General Counsel, for appellant.

*William H. Naugle, Naugle and Sullivan*, for appellee.

OPINION BY JUDGE CRAIG, December 15, 1983:

The Pennsylvania Department of Transportation, Bureau of Traffic Safety (DOT) appeals from an order of the Dauphin County Court of Common Pleas reversing DOT's suspension of Joseph T. Mumma's drivers's license.

The question is whether the trial court erred in determining that Mumma's action in smoking a cigarette, despite several warnings not to do so, did not constitute a refusal to take the breathalyzer test.[1]

Whether or not there has been a refusal by a motorist to submit to a breathalyzer test is a factual, not a legal, determination. *Department of Transporta-*

---

[1] Our scope of review of a common pleas court decision in a license suspension case is limited to determining whether the findings of that court are supported by competent evidence, whether there has been an erroneous conclusion of law or whether the common pleas court decision demonstrates a manifest abuse of discretion. *Waigand v. Commonwealth*, 68 Pa. Commonwealth Ct. 541, 449 A.2d 862 (1982).

*tion, Bureau of Traffic Safety v. Pedick,* 44 Pa. Commonwealth Ct. 44, 403 A.2d 181 (1979). The events in this case are not in dispute.

On May 14, 1982, Officer Fry of the Lower Swatara Township Police Department observed Mumma driving recklessly, and pulled him over. After Mumma performed poorly on several field sobriety tests, Officer Fry transported him to the Capital Campus Police Station to administer a breathalyzer test. Fry testified that he and another officer warned Mumma four times not to smoke because it would interfere with the breathalyzer and be considered a refusal to submit to the test, resulting in an automatic six-month suspension of his driver's license. Nevertheless, Mumma did light up a cigarette. Officer Fry said "That's it" and shut the machine off. The officers would have been required to wait twenty minutes before again attempting to administer the test; they chose not to, and instead transported Mumma home and advised him that he would receive a summons.

DOT notified Mumma that his license was suspended for six months based on his refusal to submit to the breathalyzer test in violation of §1547 of the Pennsylvania Vehicle Code, 75 Pa. C. S. §1547. Mumma appealed the suspension to the Dauphin County Court of Common Pleas. The court reversed the suspension, finding that the Commonwealth had failed to meet its burden of establishing a refusal to take the breathalyzer test.[2] This appeal followed.

---

[2] To sustain a suspension under §1547(b) of the Code, the Commonwealth must prove that the driver was (1) placed under arrest for driving while under the influence of alcohol; (2) was requested to submit to a breathalyzer test; (3) refused to do so; and (4) was warned that his license would be revoked if he refused to take the test. *Capozzoli Appeal,* 63 Pa. Commonwealth Ct. 411, 437 A.2d 1340 (1981). Only the third element is involved in this appeal.

Section 1547(b)(1) of The Vehicle Code, as in effect on May 14, 1982, provided in part:

If any person placed under arrest for driving under the influence of alcohol is requested to submit to a chemical test and refuses to do so, the test shall not be given but upon notice by the police officer, the department shall:

(i) suspend the operating privilege of the person for a period of six months . . . .

We have consistently held that anything substantially less than an unqualified, unequivocal assent to take a breathalyzer test constitutes a refusal under §1547. *Department of Transportation, Bureau of Traffic Safety v. Tillitt,* 49 Pa. Commonwealth Ct. 343, 411 A.2d 276 (1980). A refusal need not be expressed in words, but can be implied from a motorist's actions. For example, a motorist's failure to provide sufficient air to permit the test to be made is tantamount to a refusal, *Department of Transportation, Bureau of Traffic Safety v. Jones,* 38 Pa. Commonwealth Ct. 400, 395 A.2d 592 (1978), even where the motorist has expressed consent to the test. *Budd Appeal,* 65 Pa. Commonwealth Ct. 314, 442 A.2d 404 (1982). Further, a motorist's request to see his attorney when asked to submit to the breathalyzer is considered dilatory and constitutes a refusal,[3] *Miele v. Department of Transportation, Bureau of Traffic Safety,* 130 Pa. Commonwealth Ct. 75, 461 A.2d 359 (1983), as does a motorist's request to have his physician summoned. *End v. Department of Transporation, Bureau of Traffic Safety,* 6 Pa. Commonwealth Ct. 347, 295 A.2d 196 (1972).

---

[3] The arrested motorist is not entitled to have an attorney present during the test, nor to consult one prior to responding to the police officer's request to take the test. *Weitzel Appeal,* 41 Pa. Commonwealth Ct. 235, 400 A.2d 646 (1979).

Those cases presented much closer factual determinations than that involved here. After the officers told Mumma four times not to smoke and warned him that smoking would amount to a refusal, Mumma's subsequent smoking signaled his refusal to submit to the test as clearly as if he had announced his refusal in words. Mumma's contentions that, due to his inebriated state, he did not possess his "full facilities" [sic] and that the police should not be permitted to take advantage of his impaired ability to respond to orders, are meritless. Voluntary intoxication is not a justification for a motorits's failure to submit to an alcohol test. *Walthour v. Department of Transportation, Bureau of Traffic Safety,* 74 Pa. Commonwealth Ct. 53, 458 A.2d 1066 (1983).

The trial court based its conclusion, that the Commonwealth had not established a refusal, partly on the fact that the officers made no effort to take Mumma's cigarettes away. Section 1547 of The Vehicle Code suggests no such requirement; we cannot read that section as implying in any way that officers have a duty to confiscate all materials which could potentially interfere with administration of the breathalyzer test. Submission to the test is voluntary. The statute requires only that the arresting officer relate the consequences of refusal to the motorist, who is then free to choose his course of action. Therefore, the officers' failure to confiscate Mumma's cigarettes was an erroneous basis for the lower court's holding.

The trial judge was also persuaded by the fact that the officers did not wait twenty minutes for the effect of smoking to wear off and then attempt to re-administer the test. No reading of section 1547 can support a view that the police must wait through such a delay. *Department of Transportation, Bureau of Traffic Safety v. Wroblewski,* 65 Pa. Commonwealth Ct. 333,

336, 442 A.2d 407, 409 (1982). "[T]ime is of the essence in administering breath tests, due to the volatile nature of the evidence to be obtained, and the public interest in ascertaining violators of section 3731 [driving under the influence] is so compelling as to justify a very strict application of the law."

Mumma's obstructive action in this case was not like the instantaneous equivocation in *Department of Transportation, Bureau of Traffic Safety v. Tillitt,* 49 Pa. Commonwealth Ct. 343, 411 A.2d 276 (1980).

In summary, neither the officers' refusal to tolerate delay detrimental to the test's validity, nor the fact that they allowed the driver to keep his cigarettes (nor the irrelevant circumstance that they brought Mumma to the station in handcuffs) provided any basis for disregarding the undisputed evidence of his action, which was, in context, a refusal in fact.

Accordingly, we reverse.

### ORDER

Now, December 15, 1983, the order of the Dauphin County Common Pleas Court, dated December 13, 1982 ,is reversed, and the suspension imposed by the Department of Transportation is reinstated.