538 A.2d 957

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* James Daniel Orlando, Appellee.

Submitted on briefs October 8, 1987, to Judges BARRY, COLINS, and Senior Judge NARICK, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him, *Christopher J. Clements,* Assistant Counsel, *John L. Heaton,* Chief Counsel, for appellant.

*Carolyn W. Maricondi,* for appellee.

OPINION BY JUDGE BARRY, March 16, 1988:

The Department of Transportation (DOT) appeals an order of the Court of Common Pleas of Fayette County which sustained the appeal of James Daniel Orlando (Orlando) and reversed DOT's one year suspension of his driver's license.

On February 22, 1986, Orlando was placed under arrest, after being stopped for erratic, high-speed driving and failing several field sobriety tests, for suspicion of driving while intoxicated. Orlando was taken to a police station for chemical testing. The arresting officers informed Orlando that, if he refused to submit to a breath test, his license would automatically be suspended for one year. The arresting officers also instructed Orlando not to place anything into his mouth "for a period of 20 minutes prior to the test or it would negate the results of the test." The arresting officers testified that five seconds prior to the performance of the test, Orlando placed a pinch of chewing tobacco between his cheek and gums. Orlando denies being warned but admits to placing the chew in his mouth immediately before the test. Orlando's actions were considered by the officers as a refusal to submit to chemical testing.

DOT notified Orlando that his license would be suspended for one year as a result of this action. Orlando appealed this decision. The trial court, in sustaining the

appeal, opined that, although Orlando ·was told not to place anything into his mouth, he was not informed that this action would be considered a refusal. This appeal followed.

Our scope of review where the trial court has reversed a license suspension for refusing to submit to a chemical blood-alcohol test is limited to determining whether the findings of that court are supported by competent evidence, whether there has been an erroneous conclusion of law, or whether the trial court's decision demonstrates a manifest· abuse of discretion. *Department of Transportation, Bureau of Driver Licensing v. Rogers*, 110 Pa. Commonwealth Ct. 453, 532 A.2d 935 (1987).

DOT alleges that anything substantially less than an unqualified, unequivocal assent to take a chemical test will constitute a refusal within the meaning of Section 1547 of the Vehicle Code, as amended, 75 Pa. C. S. §1547(a) (Code) and that the conduct of Orlando was a refusal to submit to chemical testing.

Section 1547(a) of the Code states:

Any person who drives, operates or is in actual physical control of the movement of a motor vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath, blood or urine for the purpose of determining the alcoholic content of blood or the presence of a controlled substance if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a motor vehicle: (1) while under the influence of alcohol or a controlled substance or both; or (2) which was involved in an accident in which the operator or passenger of any vehicle involved or a pedestri-

an required treatment at a medical facility or was killed.

75 Pa. C. S. §1547(a).

In order for DOT to sustain a suspension under Section 1547(a) of the Code it must prove that the driver (1) was placed under arrest for driving while under the influence of alcohol; (2) was requested to submit to a breathalyzer test; (3) refused to do so; and (4) was warned that his license would be revoked if he refused to take the test. *Capozzoli Appeal,* 63 Pa. Commonwealth Ct. 411, 437 A.2d 1340 (1981).

We agree that anything substantially less than an unqualified, unequivocal assent to take a breath test is a refusal under Section 1547(a) of the Code. *Department of Transportation v. Jones,* 38 Pa. Commonwealth Ct. 400, 395 A.2d 592 (1978). In the current matter, the arresting officers gave Orlando a warning that his refusal to submit to the breath test would result in an automatic suspension of his license. The arresting officers also directed Orlando not to put anything into his mouth as this would negate the effects of the test. We believe that this is all the warning a motorist is entitled to receive.

In *Department of Transportation v. Mumma,* 79 Pa. Commonwealth Ct. 108, 468 A.2d 891 (1983), a motorist was warned that smoking a cigarette before a breath test was administered would constitute a refusal to submit to the test. This Court stated that the motorist's "subsequent smoking signaled his refusal as clearly as if he announced his refusal in words." *Mumma* at 112, 468 A.2d at 893. *See Department of Transportation v. Jones,* 38 Pa. Commonwealth Ct. 400, 395 A.2d 592 (1978).

In this case, Orlando was instructed not to place anything into his mouth. He also was instructed that placing objects into his mouth would affect the results of the test. This is sufficient warning and his action of plac-

ing the chew into his mouth is a refusal. Accordingly, we reverse the trial court and reinstate DOT's one-year suspension of Orlando's license.

Judge COLINS dissents.

ORDER

Now, March 16, 1988, the order of the Court of Common Pleas of Fayette County, dated June 9, 1986, at No. 782 of 1986 G.D., is reversed.