561 A.2d 1341

P.A. COLGAN, Appellant,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellee.

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 23, 1989.

Decided Aug. 10, 1989.

John J. Kerrigan, Jr., Stuckert and Yates, Newtown, for appellant.

Thomas Hines, Philadelphia, Harold H. Cramer, Asst. Chief Counsel, Christopher J. Clements, Asst. Counsel, John L. Heaton, Chief Counsel, Harrisburg, for appellee.

Before CRAIG and BARRY, JJ., and BLATT, Senior Judge.

CRAIG, Judge.

This Vehicle Code appeal by P.A. Colgan, a driver licensee, is from an order of Judge George T. Kelton of the Court of Common Pleas of Bucks County sustaining a one-year suspension of the driver's license by the Pennsylvania Department of Transportation (DOT) under 75 Pa.C.S. § 1547(b) for refusing to submit to chemical testing for alcohol. We affirm.

The precise issue is whether a driver's insistence upon a testing procedure which results in an undersized blood sample, in the face of the definition of an adequate sample being communicated to him, constitutes a refusal of chemical test warranting a suspension under the Vehicle Code provisions.

The undisputed facts are that a police officer of Falls Township, with grounds to believe that the driver was under the influence of alcohol, arrested him and asked him to submit to a breathalyzer test, with the requisite warnings as to the consequences of refusal. Acceding to the driver's preference for a blood test rather than a breath test, the police officer conducted the driver to a hospital for a blood test. When the doctor began to prepare the driver's forearm for the withdrawal of a blood sample, the driver declined to permit a sample to be taken from that portion of his anatomy.

Concerning two further facts, the record shows conflicting testimony. The officer testified that the driver insisted that blood be taken only from his little toe on the left foot. The driver contends that he sought to restrict withdrawal only to his foot in general. The trial judge, empowered to act as factfinder, specifically found that the driver "demanded that the blood be drawn from his left little toe area. (Officer Jones, N.T. 9, 15 and licensee N.T. 19)."

The trial judge's concluding finding was that:

The spattering of blood obtained turned out to be an insufficient sample for the two tubes *which defendant was told* were required. (Emphasis added).

With respect to the emphasized portion of the foregoing finding, the police officer testified that he had advised the driver "that we had to take two tubes of blood which the blood alcohol kit calls for." The driver denied being so informed. Again, the trial judge's finding is determinative in resolving that conflict.

The controlling principle in this case is that anything less than an unqualified, unequivocal assent to chemical testing constitutes a refusal. *Department of Transportation v. Mumma*, 79 Pa.Commonwealth Ct. 108, 468 A.2d 891 (1983). The trial judge relied on that principle, correctly adding that a refusal to submit to a chemical test need not be expressed in words, but can be implied from a driver's actions. *Mumma*, 79 Pa.Commonwealth Ct. at 111, 468 A.2d at 892.

On these facts, this court cannot gainsay the trial judge's conclusion that:

After a review of the record, we again conclude licensee's demand that blood be drawn only from his little toe was a limitation that constituted a refusal.

Because the facts here establish that the driver refused the testing procedure which the police officer had described to him as necessary, this court agrees that his limitations upon the testing procedure did constitute a refusal. Judge Kelton's sound decision is affirmed.

## ORDER

NOW, August 10, 1989, the order of the Court of Common Pleas of Bucks County dated February 6, 1989, at No. 88–6430–12–6, is affirmed.

BARRY, J., dissents.

BARRY, Judge dissenting.

I must agree with the majority's statement that when a licensee requests that a test other than the one offered by

the arresting officer be administered a refusal has occurred. However, I do not believe that this is the decisive fact in this case and I therefore respectively dissent.

As noted by the majority, the licensee, following a refusal to submit to a breathalyzer test agreed to submit to a blood test. Upon arrival at a local hospital a physician began to prepare to administer the blood test. The licensee protested the withdrawal of blood from his arm and requested that it be extracted from the little toe of his left foot. As is evidenced by the fact that an attempt was made to withdraw blood from the proffered location, the officer acquiesced to the licensee's request.

"[W]here a police officer gratuitously offers a licensee a subsequent opportunity to take one of the chemical tests enumerated in Section 1547(a), after a prior refusal, the prior refusal is waived." *Marmo v. Department of Transportation,* —— Pa.Commonwealth Ct. ——, ——, 543 A.2d 236, 238, *affirmed on reconsideration,* 121 Pa.Commonwealth Ct. 191, 550 A.2d 607 (1988). It is clear to me that the licensee's refusal which occurred when he *requested* that the blood be drawn from his little toe was waived when the officer *agreed* to have the test performed in this manner.

Next, it must be determined whether the absence of the withdrawal of two vials of blood from the licensee's toe amounts to a refusal. I cannot conclude that it does.

Prior to the administration of the test, the arresting officer informed the licensee that the withdrawal of two vials of blood would be necessary to determine the alcohol content of his system. N.T. 11/30/88 at 6. The physician then prepared the licensee's arm for the test. At this point the licensee requested that the sample be withdrawn from his toe. As noted above, the officer, *knowing that two vials of blood would be necessary,* acquiesced and permitted the physician to attempt to obtain the requisite blood from the licensee's toe. Only a small amount of blood, however, was obtained. Nevertheless, the officer sub-

mitted the blood sample to the county crime lab for analysis.

I cannot conclude that a licensee's failure to provide a sufficient blood sample amounts to a refusal where the officer acquiesced in having the sample drawn as the licensee requested.