BIESTER, Jr., J.,
This is a license suspension appeal. The officer in this case was Officer Mark J. Taylor of the Upper Makefield Township Police Department who was on routine patrol on April 22, 1990 at about 3 o’clock in the morning. He testified that while on Taylorsville Road in his township he was following behind five other vehicles because the lead vehicle was driving at 35 mph in a posted 45-mph zone. The vehicles were unable to pass the subject vehicle because that vehicle was swerving over the yellow line. The officer got around the following vehicles and made a stop at Mount Airy Road and Taylorsville Road at which time he made his first contact with the operator, who is the appellant in this case, Ms. Cardellino.
He asked for her operator’s license and registration which she supplied to him. He smelled the odor of alcohol on her breath and requested her to turn off the engine, step out of her car and go to the rear of the car, which she did. The officer then asked her if she would take an alco-sensor test which she *286 agreed to do. The test was administered and a reading of 0.16 was received. Based upon the results of that test and the officer’s observation of the appellant’s driving, he placed her under arrest and took her to Upper Makefield Township Police Headquarters for an Intoximeter 3000 breath test. No other field sobriety tests were offered at the scene.
At headquarters the appellant was advised of the implied consent law and a written form was supplied to her. She signed the form and she understood the implied consent law and was willing to take the Intoximeter 3000 breath test. There then followed a 20-minute observation period and the machine was set up and the test was administered. Ms. Cardellino blew into the tube and gave a result of 0.168. The second test for that particular strip was unsuccessful in that the appellant failed to supply enough breath for that test and the machine took it as a refusal. The officer then carefully explained to the appellant that if she did not supply enough breath the machine would abort and if it aborted three times, it would be considered a refusal. The machine was set up a second time and again Ms. Cardellino failed to supply sufficient breath at that time and the machine took it as a refusal. No Miranda warnings were given in this case. The appellant tried three times unsuccessfully. The machine aborted and listed her as refused.
The officer described the conduct of the appellant in all particulars as cooperative. The officer did not make a determination of refusal. It was the machine which determined that her refusal had taken place because it found that not enough breath had been supplied to it. The officer then made his report and included the following language: “Subject tried but failed to supply sufficient breath.”
*287 It is that determination which causes the difficulty in this case. The question which arises in this case is whether a subject who has been totally cooperative with the arresting police officer in all particulars and whom the arresting officer has found has tried to comply with the breath test, but despite her trying has failed to supply enough breath, can be deemed to have refused to have given a breath test.
Clearly Commonwealth v. Mumma, 79 Pa. Commw. 108, 468 A.2d 891 (1983), teaches us that the failure of a subject to produce enough air can be a refusal.
In the court’s discussion of the matter at our hearing we noted that all courts have seen cases where the subject was obviously dissembling and doing all sorts of things with the tube and we have all heard officers testify to the various things done by certain subjects to avoid blowing enough breath into the tube.
However, that is not the issue in this case. In this case the officer who was right next to the appellant made a finding that she tried to supply sufficient breath. We noted then and we affirm now that if a subject simply does not produce enough breath and we cannot make a finding whether she is trying or not trying, then it may constitute and be deemed a refusal, especially when as many opportunities are given as were given in this case. In this case the only human judgment in the matter was that of an experienced police officer, who has determined that the person he was testing was trying to comply with the test. However, the machine did not receive or the machine said it did not receive enough breath.
Section 1547(b) of the Motor Vehicle Code, 75 Pa.C.S., provides at (b)(1), “if any person placed under arrest for a violation of section 3731 is requested to submit to chemical testing and refuses to *288 do so the testing shall not be conducted.” In the instant case, the subject consented to the test, signed a consent form and commenced the test process. The officer found that she was trying to complete and consummate the test but the machine found that she failed to supply sufficient breath. As a matter of fact we found that she was not dissembling. We found, consistent with the officer’s determination, that she was not deliberately trying to prevent the test from going ahead. We found that she was not deliberately withholding breath so that the machine could not operate. We could not make a finding why the machine was not satisfied by the breath that she supplied. Under those circumstances and with those findings we further found there was not a refusal within the obvious stated purposes of the act.
It was for those reasons we sustained the appellant’s appeal in this case. We found that the petitioner consented and tried within her capacities to achieve the test but for reasons unknown to the court and for reasons not related to any effort on her part to prevent the test, the test was not completed.
We recognize that a hazard which occurs in a determination of this kind is that a certain amount of subjectivity is introduced into the law. However, as we noted in our hearing, the only subjective analysis we were relying upon in this case was that of the arresting officer himself. We file this memorandum opinion explaining our reasons for sustaining the appeal in this case.