619 A.2d 397

Daniel G. OLBRISH, Appellant,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellee.

Commonwealth Court of Pennsylvania.

Argued Oct. 20, 1992.

Decided Dec. 30, 1992.

Virginia L. Desiderio, for appellant.

Harold H. Cramer, Asst. Chief Counsel, for appellee.

Before DOYLE and PALLADINO, JJ., and SILVESTRI, Senior Judge.

DOYLE, Judge.

This is an appeal by Daniel G. Olbrish (Licensee) from an order of the Court of Common Pleas of Westmoreland County which upheld the suspension of Licensee's operating privileges for refusing to submit to chemical testing in accordance with Section 1547 of the Vehicle Code, 75 Pa.C.S. § 1547.

The trial court made the following pertinent findings. Licensee, who had been driving his car in an erratic manner, was stopped by Forward Township Police Officer Arthur Dubinsky on April 12, 1991, at 3:10 a.m. The officer administered field sobriety tests which Licensee failed. He was then taken to the Forward Township Police station and requested to take a chemical breath test. Officer Dubinsky testified that Licensee refused to supply a sufficient breath sample to be tested. Licensee maintained that the mouthpiece on the machine "fell apart" while he was attempting to submit to testing and that he honestly tried to supply a sufficient breath sample. The trial court resolved the credibility dispute in favor of Officer Dubinsky.

The officer then testified that, "as we were trying to be fair," he asked Licensee to take a blood test. Licensee agreed and was transported to the hospital. At the hospital, while

Licensee did not refuse to take the blood test, he did refuse to sign a waiver of liability form and, consequently, the hospital would not administer the test. The police regarded Licensee's overall actions as a refusal to submit to chemical testing and consequently recorded a refusal. Thereafter, DOT suspended Licensee's operating privileges for one year. The trial court upheld the suspension and appeal to this Court followed.

On appeal Licensee maintains that even assuming his failure to supply sufficient breath constituted a refusal to submit to chemical testing,[1] Officer Dubinsky's offer to allow Licensee to take a blood test constituted a waiver of that refusal because the officer failed to advise Licensee at the time he attempted the breath test that his failure to complete it constituted a refusal. Licensee also contends that his refusal to sign a waiver of liability form with regard to the blood test does not constitute a refusal.

Our scope of review is limited to determining whether the trial court has committed legal error or abused its discretion. *Department of Transportation, Bureau of Driver Licensing v. Cavey*, 145 Pa.Commonwealth Ct. 154, n. 2, 602 A.2d 494, 495 n. 2 (1992). The trial court is the fact finder and it determines witness credibility and evidentiary weight. *Waigand v. Commonwealth*, 68 Pa.Commonwealth Ct. 541, 449 A.2d 862 (1982).

First, we disagree with Licensee that he was not informed at the time he attempted the breath test that his actions constituted a refusal. Officer Dubinsky testified as follows on redirect examination:

Q. When you were giving the breathalyzer test, you said he wouldn't give you a sufficient breath sample.

A. Yes, sir.

Q. What was he doing?

A. He was breathing outside of his mouth, around the mouth, covering the mouthpiece with his tongue. The

---

1. The law is well settled that even a good faith effort to complete the test constitutes a refusal where the motorist fails to supply a sufficient breath sample. *See e.g., Department of Transportation v. Berta*, 120 Pa.Commonwealth Ct. 558, 549 A.2d 262 (1988).

machine clearly indicates when a sample is being taken. If the defendant or whoever is being tested at that time is not breathing into that machine, the machine will indicate so, which in this case it did.

Q. *Did you tell him his actions would constitute a refusal?*

A. *Yes, sir, I did.*

Q. Did you take his inability to give you a breath sample for the breathalyzer as a refusal?

A. Yes, I did.

N.T. 14 (emphasis added). There is thus competent evidence that Licensee was promptly informed that his actions constituted a refusal. And, whether or not a formal recordation of that refusal occurred after that moment is, in our view, irrelevant.

We are thus left with the question of whether the officer's subsequent decision to allow Licensee the opportunity to take a blood test constituted a waiver of Licensee's refusal to take the breath test. In *Marmo v. Department of Transportation,* Pa.Commonwealth Ct., 543 A.2d 236 (1988) (*Marmo I* ), *reconsidered at* 121 Pa.Commonwealth Ct. 191, 550 A.2d 607 (1988) (*Marmo II* ), we indicated that such an action could constitute a waiver. Later, however, we retreated from the broad statement of principle in *Marmo I* when in *Geonnotti v. Department of Transportation, Bureau of Driver Licensing,* 138 Pa.Commonwealth Ct. 652, 588 A.2d 1343 (1991), we indicated that the waiver language in *Marmo I* was dictum and declined to follow it.[2]

In *Geonnotti* the licensee refused a breath test. Later he again refused a second officer's request. Finally, a third officer persuaded him to take the test. The officer giving the test, however, refused to administer it because of the passage of time since Geonnotti's arrest. Geonnotti argued that the third officer's request, which he assented to, waived the prior

2. In *Marmo* the Commonwealth never challenged the licensee's first refusal and in fact the Commonwealth's attorney conceded that he was not attacking that refusal; thus no waiver question was directly presented.

refusals. We disagreed and held that the subsequent offers to take the test were at most gratuitous and could be revoked at any time before the test was administered, and, consequently, that no "property right" to have a test administered after the initial refusal was ever triggered. We adhere to our position in *Geonnotti* that no waiver of the refusal occurred.[3] Consequently, we conclude the trial court properly upheld the suspension.

Affirmed.[4]

### ORDER

NOW, December 30, 1992, the order of the Court of Common Pleas of Westmoreland County in the above-captioned matter is hereby affirmed.

SILVESTRI, Senior Judge, concurs in the result only.

---

**3.** We caution that our holding here is not all encompassing. Where there is a refusal and the police then gratuitously offer a second test *which the licensee successfully completes,* a waiver of the first refusal may occur.

**4.** Because of our disposition of this issue we need not consider the question of whether Licensee refused the blood test.