638 A.2d 377

**COMMONWEALTH of Pennsylvania,**

v.

**Willis J. WENDLER, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted Sept. 24, 1993.

Decided Feb. 11, 1994.

Raymond N. Sanchas, for appellant.

Kerry A. Ebersole, Legal Intern, and Timothy P. Wile, Assistant Counsel In–Charge Appellate Section, for appellant.

Before SMITH and KELLEY, JJ., and SILVESTRI, Senior Judge.

SMITH, Judge.

Willis J. Wendler appeals from an order of the Court of Common Pleas of Allegheny County which denied his appeal from the Department of Transportation's (DOT) suspension of his operating privileges pursuant to Section 1547(b)(1) of the

Vehicle Code, 75 Pa.C.S. § 1547(b)(1).[1] The issue presented is whether the trial court's decision is contrary to decisions of this Court which require that a licensee not only be given a warning that certain action should not be performed but also an explanation that performance of a prohibited action constitutes a refusal to submit to chemical testing.

On September 25, 1992, Wendler was arrested and charged with driving under the influence of alcohol. DOT notified Wendler that his driver's license would be suspended for refusing to submit to chemical testing and he appealed to the trial court which held a hearing. DOT presented Trooper Arthur R. Giles who testified that at the time of Wendler's arrest, he read Wendler implied consent warnings which informed Wendler that he would lose his license for one year if he did not submit to chemical testing. He then asked Wendler to submit to a breath test and Wendler refused to take the test and to sign the refusal form. Trooper Giles further testified that when he gave Wendler a second chance to take the breath test, he agreed to take the test. DOT also introduced the testimony of Trooper Timothy Campbell who testified that he gave Wendler a second opportunity to take the test after his initial refusal, that Wendler said he was thirsty and was permitted to purchase a can of soda from a vending machine, and that he told Wendler not to open the can of soda. He stated that when the intoxilyzer operator entered, Wendler opened the can and drank some soda. The intoxilyzer operator decided not to administer the test and Trooper Campbell told Wendler that his refusal was going to stand.

Wendler testified that he drank the soda to quench his thirst and that although one of the troopers told him not to open the can, the troopers did not tell him that drinking soda would constitute a refusal to submit to chemical testing. The

1. Section 1547(b)(1) provides:
   If any person placed under arrest for a violation of section 3731 (relating to driving under the influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months.

trial court determined that Wendler disobeyed the trooper's specific instructions by drinking soda; the troopers clearly and concisely transmitted the implied consent warnings to Wendler; and Wendler comprehended the warnings to the degree that he was able to formulate an evasive maneuver in an attempt to avoid the test. The trial court dismissed Wendler's appeal and Wendler appeals to this Court.

Wendler contends that the trial court erred in determining that he refused to submit to a chemical test because the police officers did not advise him that drinking soda would affect the test results or constitute a refusal to submit to chemical testing.[2] When a licensee appeals a license suspension under Section 1547(b)(1) of the Code, DOT must establish that the driver was arrested for driving under the influence of alcohol, was asked to submit to a chemical test, refused to do so, and was specifically warned that refusal would result in his or her license being suspended. *Cartwright v. Commonwealth*, 138 Pa.Commonwealth Ct. 325, 587 A.2d 909, *appeal denied*, 528 Pa. 645, 600 A.2d 196 (1991). Anything less than an unqualified, unequivocal assent to chemical testing is a refusal. *Department of Transportation, Bureau of Driver Licensing v. Mumma*, 79 Pa.Commonwealth Ct. 108, 468 A.2d 891 (1983).

Wendler relies upon *Mumma* to support his argument that drinking soda is not a refusal to submit to chemical testing because the troopers did not inform him that drinking soda would constitute a refusal. In *Mumma*, the Court upheld a license suspension where the licensee smoked a cigarette after the police officers warned him not to smoke and that it would interfere with the breath test and be considered a refusal to submit to chemical testing. Wendler also cites *Department of Transportation, Bureau of Driver*

---

**2.** Before the trial court, DOT's counsel conceded that the troopers' second offer to submit to chemical testing vitiated Wendler's initial refusal to take the test. Although an assent to submit to chemical testing cannot vitiate a prior refusal, *Department of Transportation v. Monohan*, 144 Pa.Commonwealth Ct. 328, 601 A.2d 489 (1991), DOT is bound by its concession before the trial court. *Marmo v. Department of Transportation*, 121 Pa.Commonwealth Ct. 191, 550 A.2d 607 (1988).

*Licensing v. Orlando,* 114 Pa.Commonwealth Ct. 441, 538 A.2d 957 (1988), in which the Court upheld a license suspension where a licensee put chewing tobacco in his mouth after police officers instructed him not to put anything in his mouth for twenty minutes before the test and that it would negate the results of the test. In *Orlando,* the Court stated:

> [T]he arresting officers gave Orlando a warning that his refusal to submit to the breath test would result in an automatic suspension of his license. The arresting officers also directed Orlando not to put anything into his mouth as this would negate the effects of the test. We believe that this is all the warning a motorist is entitled to receive.

*Id.* at 444, 538 A.2d at 958.

Wendler asserts that *Orlando* and *Mumma* establish that in this case a two-step warning was required, and that the troopers should have also informed him that drinking soda would constitute a refusal to submit to chemical testing or that drinking soda would affect the results of the test.[3] Although DOT asserts that any failure to follow the officers' instructions constitutes a refusal, the cases upon which it relies do not support this proposition. *See Books v. Department of Transportation, Bureau of Driver Licensing,* 109 Pa.Commonwealth Ct. 25, 530 A.2d 972 (1987); and *Budd Appeal,* 65 Pa.Commonwealth Ct. 314, 442 A.2d 404 (1982). In *Books* and *Budd,* this Court held that giving an insufficient breath sample when taking a breath test constitutes a refusal to submit to chemical testing. *Books* and *Budd* are distinguishable from the case sub judice because the licensees in those cases disobeyed the officers' instructions about the actual administration of the test.

Although Wendler disobeyed the troopers' directions not to open the can of soda, he did not disobey any orders which

---

**3.** Wendler also relies upon *Olbrish v. Department of Transportation, Bureau of Driver Licensing,* 152 Pa.Commonwealth Ct. 423, 619 A.2d 397 (1992), in which the Court determined that a licensee's failure to breathe into a breathalyzer constituted a refusal to submit to chemical testing. The Court in *Olbrish* based its decision, in part, on the fact that the officers specifically told him that his actions would constitute a refusal.

explicitly pertained to the administration of the breath test. Since Wendler was not told that drinking soda would constitute a refusal to submit to chemical testing or affect the test results, his conduct did not constitute a refusal to take the test. DOT did not establish that Wendler refused to submit to chemical testing; therefore, the trial court's order is reversed.

## ORDER

AND NOW, this 11th day of February, 1994, the order of the Court of Common Pleas of Allegheny County is reversed.

SILVESTRI, Senior Judge, dissents.