**Mark Edward LUTZ**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 1, 1999.

Decided July 19, 1999.

Elaine N. Blass, Asst. Counsel, and Timothy P. Wile, Asst. Counsel In-Charge, Harrisburg, for appellant.

Frank E. Reilly, Pittsburgh, for appellee.

Before FRIEDMAN, J., LEADBETTER, J., and LORD, Senior Judge.

LORD, Senior Judge.

The Department of Transportation, Bureau of Driver Licensing (Department), appeals an order of the Court of Common Pleas of Allegheny County sustaining the appeal of Mark Edward Lutz (Licensee) from a one-year suspension of his operating privileges for refusing to submit to chemical testing pursuant to Section 1547(b)(1) of the Vehicle Code (Code) 75 Pa.C.S. § 1547(b)(1).[1]

On February 2, 1998, North Fayette Township Officer Chad Slovick arrested Licensee for operating a motor vehicle while intoxicated. (Notes of Testimony, (N.T.), August 27, 1998 hearing, p. 4). Licensee was then transported to the North Fayette Township Police Station (N.T., p. 4). At the station, Corporal Bruce Barnhart, a certified intoxilyzer operator, advised Licensee of the implied consent warnings and requested he submit to chemical testing (N.T., pp. 13–14). Licensee consented but failed to supply two consecutive samples necessary for the successful administration of the test (N.T., pp. 16–17). Officer Slovick then transported the Licensee to Valley General Hospital for blood testing (N.T., p. 9). At the hospital, Licensee consented to the test but told the officers he could not afford to pay for the test. The officer then registered a refusal to consent to testing (N.T., p. 9). By letter of February 19,1998, the Department notified Licensee that it was suspending his driving privileges due to his "CHEMICAL TEST REFUSAL on

2/02/1998." (Department of Transportation Notice of Suspension, February 19, 1998). Licensee filed a timely appeal.

The trial court found that by transporting the Licensee to the hospital for blood tests, any refusal resulting from insufficient breath samples at the police station was waived. Furthermore, the court held the Licensee's refusal to pay for the blood tests at the hospital was "of no consequence" because requiring consent to payment "constituted an impermissible precondition to testing." *Commonwealth v. Lutz,* (No. 160 SA 1998, filed October 2, 1998). Consequently, the trial court sustained Licensee's appeal. The Department's appeal followed.

■ To sustain a license suspension under Section 1547 of the Vehicle Code, the Department must prove that the licensee (1) was arrested for driving under the influence of alcohol; (2) was asked to submit to a chemical test; (3) refused to do so; and (4) was specifically warned that refusal would result in the revocation of his driver's license. *Department of Transportation, Bureau of Driver Licensing v. Ingram,* 538 Pa. 236, 648 A.2d 285 (1994). The Department has undisputedly satisfied the first, second and fourth elements. The third element forms the basis of the Department's appeal.

■ The Department alleges the police did not waive Licensee's prior refusal of the breath test when they transported him to the hospital for a chemical test of his blood. Essentially, the Department alleges that a Licensee's failure to supply a breath sample sufficient for chemical testing is an automatic refusal as a matter of law and renders any subsequent offer by police for additional testing a mere gratuitous offer. For this proposition, the Department relies on *Geonnotti v. Department of Transportation, Bureau of Driver*

---

1. Section 1547(b)(1) of the Code provides for the suspension of a driver's license for a period of one year upon refusal to submit to

chemical testing to determine blood alcohol content. 75 Pa.C.S. § 1547(b)(1).

*Licensing,* 138 Pa.Cmwlth. 652, 588 A.2d 1343 (1991) and *Olbrish v. Department of Transportation, Bureau of Driver Licensing,* 152 Pa.Cmwlth. 423, 619 A.2d 397 (1992). We find both cases differ from this one in material respects.

In *Geonnotti,* we held that a subsequent offer made by police is a mere "gratuitous offer" subject to revocation at any time. Hence, a licensee has no substantive due process right at stake if a subsequent offer is revoked. *Id.,* 588 A.2d at 1346. In that case, the licensee affirmatively refused to undergo field sobriety tests and a breath test, and refused to consent to chemical testing at the police station. After he rebuffed a second police officer's attempt to persuade him to take the test, the licensee consented to testing. However, at that point, the arresting officer refused to allow testing because too much time had elapsed. Hence, a refusal was registered after the subsequent offer was revoked. Our determination that the police officer's subsequent offer did not supplant the licensee's earlier refusals was made on a record establishing the express revocation of that offer and the licensee's prior unassenting conduct.

In *Olbrish,* the arresting officer testified that the licensee refused to supply a sufficient breath sample by covering the mouthpiece with his tongue and breathing around it. The licensee maintained he tried to supply a sufficient sample, but the trial court expressly resolved that credibility dispute in the officer's favor.

Here, by contrast, the record reflects the police officer testified that the licensee did not appear to refuse the original breath test. On cross-examination, Officer Slovick testified as follows:

Q: Is it your testimony that he attempted to give breath to the intoxilyzer?

A: Yes.

Q: And when that was insufficient, because of breath sample, you told him then he would have to give blood, is that correct, you would have to have a blood test done?

A: Yes.

Q: You told him that at the police station; is that correct?

A: Yes, that we would transport him to give him the opportunity to submit to blood.

Q: And he agreed to that and he was going to the hospital to submit to blood.

A: Yes.

(N.T., p. 10).

Recently, in *Burke v. Department of Transportation, Bureau of Driver Licensing,* 733 A.2d 13 (Pa.Cmwlth.1999) we declined to consider as a refusal a licensee's failure to supply a sufficient breath sample when he was afterward offered a blood test. In that case, the police officer administering the breath test deemed the licensee's failure to complete it not to be a refusal. We distinguished *Olbrish* and *Geonnotti* because, in both those cases, the police officers promptly treated as refusals the licensees' conduct with respect to the breath tests, and indeed registered that conduct as such on official forms. The same distinction can be made on this record.

The record also reflects that, as in *Burke,* the police did not revoke their subsequent offer at any time. Thus, the offer remained open and was accepted by the Licensee when he consented to the test at the hospital. At that point, however, impermissible conditions were imposed on the Licensee's taking of the test.

In *Department of Transportation v. Renwick,* 543 Pa. 122, 130–131, 669 A.2d 934, 939 (1996), our Supreme Court stated that the Department may not require a licensee to sign a form, "of whatever nature" in order to consent to chemical testing. *Renwick* now instructs us that refusal to sign a consent form does not constitute a refusal under Section 1547, but that conduct exhibited by the licensee

overall may constitute a refusal nonetheless.[2]

> Although [the Licensee's] refusal to sign the consent form does not, in and of itself, constitute refusal to take the chemical test, the facts dictate that [her] overall conduct demonstrated a refusal.

*Id.*

In the case *sub judice,* the licensee gave his consent to everything asked of him, except to the requirement that he sign a form agreeing to assume financial responsibility for the hospital test, a condition to which he was *not* required to consent.

The Department nonetheless contends there was insufficient evidence to support the trial court's finding that payment for the blood test was mandated and hence an impermissible precondition to testing. There is ample evidence in the record to the contrary. Specifically, there is the testimony of Officer Slovick:

> The Court: At the hospital, had a form there; and they insisted on a payment you say?
>
> The Witness: Yes.

(N.T., p. 6).

Moreover, there is no evidence to suggest that Licensee would not have completed the test but for this condition. Unless the Department can show the requirements placed on a Licensee's taking of a test did not constitute an impermissible burden, if the Licensee consents to the test itself, and the test is not performed solely due to that impermissible burden, Licensee's consent will be considered to meet his obligations under Section 1547(b)(1). Therefore, Licensee failure to sign the form assuming financial responsibility for the test did not serve to vitiate his consent to the test itself. *Renwick.* Accordingly, we must treat the Licensee in the same manner we would had he undergone the blood test. Therefore, the Licensee's consent to the test at the hos-

pital rendered his earlier failure to supply a sufficient breath sample, ordinarily deemed a refusal as a matter of law, a nullity.

For the reasons set forth above, we affirm the trial court's order.

### ORDER

AND NOW, this 19th day of July,1999, the order of the Court of Common Pleas of Allegheny County, at No. S.A. 160 of 1998, dated August 27, 1998, is affirmed.

LEADBETTER, Judge, concurring.

I concur in the result reached by the majority because we are bound by our recent published opinion in *Burke v. Department of Transpotation, Bureau of Driver Licensing,* 733 A.2d 13 (Pa.Cmwlth. 1999). However, for the reasons stated in my dissent in that case, I respectfully disagree with the analysis of the majority.

---

**2.** The Court refused to countenance the "gamesmanship" in which the licensee there engaged, holding that her silence on two oc-

casions followed by a fleeting assent constituted a refusal. *Id.,* 669 A.2d at 939.