Edward PETROCSKO

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 31, 1998.

Decided Feb. 4, 2000.

Bryan S. Neiderhiser and Timothy P. Wile, Counsel In-Charge, Pittsburgh, for appellant.

Jerome L. Tierney, North Huntingdon, for appellee.

Before FLAHERTY, J., LEADBETTER, J., and NARICK, Senior Judge.

FLAHERTY,[1] Judge.

The Pennsylvania Department of Transportation, Bureau of Driver Licensing (DOT) appeals from an order of the Court of Common Pleas of Westmoreland County (trial court) which sustained the appeal of Edward Petrocsko (Licensee) from a one-year suspension of his operating privilege. We affirm.

On June 8, 1997, Irwin Borough Police Officer Vincent Surace arrested Licensee for driving under the influence after Licensee failed field sobriety tests. The officer placed Licensee in his patrol car and asked him if he would consent to a blood test. The Licensee agreed to do so. The officer then transported Licensee to the hospital for the taking of a blood sample. The trial court found the following to have occurred

[a]t the hospital, however, a station nurse asked the appellant [i.e., Licensee] to sign a hospital consent form releasing the hospital from liability (N.T. 8, 28). At that point the appellant threw down the pen and said "I don't have to sign a damn thing" (N.T. 8). The officer asked him if he was going to take the test to which the appellant replied "no" and the officer read the standard implied consent warnings to the appellant (N.T. 9,10). The officer related that the appellant, after listening to the warnings, became agitated and frustrated and started walking around, at which point the officer placed him back in handcuffs.

Trial court slip op. at p. 2. The officer recorded a refusal to consent to the blood test and thereafter, DOT suspended Licensee's driving privilege for one year pursuant to Section 1547(b)(1) of the Vehicle Code, 75 Pa.C.S. § 1547(b)(1).[2]

Licensee appealed to the trial court. After conducting a de novo hearing, the trial court sustained Licensee's appeal and reinstated his driving privilege. The trial court reasoned that

[o]ur appellate courts have addressed some of the problems arising out of situations where persons under arrest for driving under the influence of alcohol are confronted with waiver of liability forms at the hospital. It is clear that a motorist is not required to sign such forms in conjunction with chemical testing under 75 Pa.C.S.A. § 1547, and his refusal to do so is not in and of itself a refusal to take the chemical test. *Com., Dept. of Transp. v. Renwick,* 543 Pa. 122, 131, 669 A.2d 934, 939 (1996). In *Renwick* it is suggested that the court

---

**1.** This case was reassigned to the writer on September 14, 1999.

**2.** Section 1547(b)(1) provides:
  If any person placed under arrest for a violation of section 3731 (relating to driving under the influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months.

look at the appellant's overall conduct. *Id.* Unlike the motorists in *Renwick* and *Stack v. Com., Dept. of Transp.,* 166 Pa.Cmwlth. 703, 647 A.2d 958 (1994), the appellant promptly consented to the blood test and did not by word or action do anything indicative of a change of mind—until he was asked to sign the unnecessary form releasing the hospital from liability.[1] Notwithstanding the fact that a reasonable person entering a hospital would believe that the signing of any and all forms presented to him by hospital personnel were a necessary prerequisite to the medical procedure sought, the courts have held that police officers in situations such as this have no affirmative obligation to inform a motorist that he need not sign a hospital waiver of liability form. *Id.* at 962. And while *Stack* so holds, the decision also found that Mr. Stack was subject to suspension because he "refused to submit to chemical testing *independent* of his refusal to sign the waiver of liability." (Emphasis added [by the trial court].) *Id.* at 961. I find that in the present case the appellant's refusal to sign the waiver and the refusal to take the test are inseparable. While the officer was under no obligation to disabuse Mr. Petrocsko of his belief that execution of the form was a requirement for taking the test, there is nothing in the record which points to an independent basis for his refusal apart from exercising his acknowledged right not to sign a superfluous form. The Department of Transportation should only prevail in such cases if it can demonstrate a basis for the refusal other than the motorist's insistence on not signing the waiver, for then, and only then, does the refusal to sign the form become irrelevant to the refusal to submit to chemical testing.

---

[1] The form is unnecessary because the Vehicle Code grants civil immunity to hospitals and medical personnel regarding the

withdrawal of blood under such circumstances. 75 Pa.C.S.A. § 1547(j).

Trial court slip op at pp. 2–4.

■ DOT now appeals to this court. Appellate review over a trial court's order in a license suspension case is limited to determining whether the trial court's findings are supported by substantial evidence, and whether the trial court committed an error of law or an abuse of discretion in reaching its decision. *Brown v. Department of Transportation, Bureau of Driver Licensing,* 738 A.2d 71 (Pa.Cmwlth.1999). The only issue which DOT presents for our review is whether the Licensee's adamant refusals to submit to a blood test, after being asked to sign a hospital form, constitute a refusal of testing under Section 1547, even though the police officer did not inform the Licensee that he could submit to the test without signing the hospital form.

■ It is well settled that in order to sustain a license suspension under Section 1547 of the Vehicle Code, DOT has the burden of establishing that the licensee (1) was arrested for drunken driving by a police officer who had reasonable grounds to believe that the licensee was operating, or actually controlling or operating the movement of a motor vehicle, while under the influence of alcohol or a controlled substance; (2) was requested to submit to a chemical test; (3) refused to do so; and (4) was warned that a refusal would result in a license suspension. *Department of Transportation, Bureau of Traffic Safety v. O'Connell,* 521 Pa. 242, 555 A.2d 873 (1989). The only issue herein is requirement number 3, i.e., whether Licensee refused to take the test. In proving whether a licensee refused to submit to chemical testing, DOT's burden

> includes the burden of showing that the licensee was offered a meaningful opportunity to comply with § 1547. Therefore, where a precondition to chemical testing is linked with the performance of a chemical test, and the licensee is not informed that he or she can satisfy the

requirements of § 1547, and avoid suspension by assenting to testing alone, we will resolve the question of whether a licensee has refused testing in favor of the licensee.

*Conrad v. Department of Transportation,* 142 Pa.Cmwlth. 642, 598 A.2d 336 (1991).[3] *Accord Lutz v. Department of Transportation, Bureau of Driver Licensing,* 734 A.2d 478, 481 (Pa.Cmwlth.1999). In *Lutz,* the licensee was taken to a hospital where he consented to take a blood test. However, at the hospital, Lutz was presented with a form agreeing to assume financial responsibility for the hospital test. Lutz told the officer that he could not afford the test and refused to sign the form. The officer recorded a refusal to consent to the test and Lutz's license was suspended. Lutz appealed to the trial court which sustained Lutz's appeal. DOT then appealed to this court. We affirmed the trial court and reasoned that the requirement that Lutz sign the hospital form assuming financial responsibility for the test was an impermissible condition imposed upon Lutz's taking of the chemical test not required by the Vehicle Code. DOT argued to this court that there was insufficient evidence of record to support the trial court's finding of fact that payment for the chemical test was mandated and hence an impermissible precondition to testing. In rejecting this contention, we reasoned inter alia, that

> there is no evidence to suggest that Licensee would not have completed the test but for this condition. Unless the Department can show the requirements placed on a Licensee's taking of a test did not constitute an impermissible burden, if the Licensee consents to the test itself, and the test is not performed solely due to that impermissible burden, Li-

censee's consent will be considered to meet his obligation under Section 1547(b)(1).

*Lutz,* 734 A.2d at 481. From these cases, it is clear that DOT's burden in proving a refusal includes proof that if Licensee consents to undergo the chemical test even if only verbally, and then is subsequently presented with some other requirement, e.g., the signing of a form (be it a form from the hospital or the police) and the Licensee refuses to comply with that requirement, and a refusal is recorded, the burden is on DOT to prove that the licensee in fact revoked his prior consent to undergo the chemical test as opposed to merely refusing to comply with the additional requirement which is not authorized by the Vehicle Code.

We further recognize that there may be some tension between this statement of the law and the statement of the law in *Stack v. Department of Transportation, Bureau of Driver Licensing,* 166 Pa. Cmwlth. 703, 647 A.2d 958 (1994), *allocatur denied,* 540 Pa. 636, 658 A.2d 798 (1995), wherein we held that police are not legally required to explain to licensees in situations such as this that they are not obligated to sign a hospital waiver of liability form. *Stack* remains good law insofar as it is true that police are not required to do so. However, we recognize that if DOT wishes to carry its burden of proving that a licensee has refused the chemical test and not just refused the additional nonstatutory requirement of e.g., signing a waiver, it would be helpful in determining if the refusals are separate if the police informed a licensee who refuses to sign a waiver that he is not required to do so and then ask whether the licensee still consents to undergo the chemical test without signing the waiver or other nonstatutory

---

**3.** While we acknowledge that *Conrad* was explicitly overruled by this Court in its en banc decision in *Smith v. Department of Transportation, Bureau of Driver Licensing,* 655 A.2d 232 (Pa.Cmwlth.1995), more recently in *Brown,* we noted that the Supreme Court revived *Conrad* in its decision in *Department of Trans-*

*portation v. Renwick,* 543 Pa. 122, 669 A.2d 934 (1996). *Brown,* 738 A.2d. at 75 n. 3 (wherein we stated that "Accordingly, *Conrad* is again good law."). *Accord Zerbe v. Department of Transportation, Bureau of Driver Licensing,* 676 A.2d 294, 297 n. 9 (Pa.Cmwlth. 1996).

requirement. This would make clear whether the licensee is revoking his consent to the chemical test absolutely or whether the licensee would still undergo the test but is merely refusing to perform the additional nonstatutory requirement. *See, e.g., Brown*, 738 A.2d at 72 ("because § 1547 of the Code literally requires only that a motorist submit to chemical testing, and the sanction of license suspension applies only to a refusal of such testing, we have held that a suspension under § 1547 may not be supported by a licensee's refusal to satisfy any condition not explicitly required by § 1547.").

■ Having reviewed the applicable principles of law, we now consider DOT's specific arguments that the trial court committed an error of law. Specifically, DOT argues that

> Judge Ackerman ruled that in such situations [as presented herein] a licensee's refusal to sign a hospital form and the refusal to submit to a blood test are inseparable and in order to make out a prima facie case for a refusal, the Department is required to demonstrate an independent basis for the licensee's subsequent refusal, other than the licensee's insistence on not signing the written form.... The Department contends that Judge Ackerman committed a reversible error of law when he ruled that Petrocsko's consistent and adamant refusals to submit to testing, after being asked to sign a written form at Monsour Medical Center, [did not] constitute[ ] a "refusal". . . ...

DOT's brief at 11–12. Specifically, DOT points out that the trial court found as a fact that after Licensee stated that he did not have to sign anything, the officer asked him if he was going to take the test, and Licensee responded "no". DOT argues that these factual determinations of the trial court require as a matter of law the conclusion that Licensee refused chemical testing. DOT argues that after Licensee refused to sign the form, he was asked by the officer if he was going to take the test and that Licensee's response was "no" which means that Licensee refused to submit to the chemical test notwithstanding Licensee's prior unequivocal assent. However, the trial court· further found that Licensee's refusal was inseparably related to his refusal to sign the hospital consent form. We need not reach DOT's contention that the finding of inseparability is a conclusion of law as opposed to a finding of fact. Whatever one labels it, the significance of the trial court's statement of inseparability is that DOT failed to carry its burden of proving that Licensee had actually revoked his earlier unequivocal assent to undergo the chemical testing as opposed to merely refusing the chemical test if, as a condition to undergoing the chemical test, he were required to also sign the form. *Lutz*. Indeed, that this is the significance of the trial court's reference to inseparability is borne out by the trial court's explicit reasoning immediately following its statement of inseparability. The trial court reasoned that "there is nothing in the record which points to an independent basis for his refusal apart from exercising his acknowledged right not to sign a superfluous form. The Department of Transportation should only prevail in such cases if it can demonstrate a basis for the refusal other than the motorist's insistence on not signing the waiver...." Trial court slip ·op. at 3–4. We find the trial court's conclusions and reasoning constitute merely an application of the foregoing principles of law noted above with respect to DOT's burden of proof in cases like these. We find no error of law in the trial court's decision.

Accordingly, the order of the trial court is affirmed.

### *O R D E R*

AND NOW, this 4th day of February, 2000, the order of the Court of Common Pleas of Westmoreland County, Civil Divi-

sion, docketed at No. 4580 of 1997 and dated March 2, 1998 is hereby affirmed.

Judge LEADBETTER dissents.