550 A.2d 607

John Carmen Marmo, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Submitted on briefs November 16, 1987, to Judges MACPHAIL and DOYLE, and Senior Judge NARICK, sitting as a panel of three. Argued October 4, 1988, before Judges CRAIG, DOYLE, BARRY, COLINS, PALLADINO, MC-GINLEY and SMITH.

*Peter David Maynard,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him, *John L. Heaton,* Chief Counsel, for appellee.

OPINION BY JUDGE DOYLE, November 18, 1988:

By order of this Court dated September 6, 1988, we granted the application of the Department of Transportation (Department), to reconsider our opinion and order filed previously which had reversed the suspension of driving privileges of John Carmen Marmo (Licensee) for one year for refusing to take a breathalyzer test pursuant to Section 1547 of the Vehicle Code (Code), 75 Pa. C. S. §1547.

The Department's application for reconsideration was essentially grounded on two assertions; that in our opinion and order filed June 23, 1988, we misapprehended facts of record material to the outcome of the case, viz.:

(a) in our opinion (slip op. at 3) we specifically found that "the Commonwealth [Department] has inexplicably conceded that the refusal at the hospital was not a refusal under the Code," to which the Depart-

ment contends "the Department has not conceded that Marmo's actions at the hospital were not a refusal," and

(b) "as the Commonwealth Court's opinion points out, the Commonwealth was required to file its brief in this case under order of the Commonwealth Court before the trial court had an opportunity to file its opinion in this matter."

Some brief explanation of the underlying substantive facts, and subsequent tortured procedural history, is important for an understanding of the issues.

Licensee was arrested at the scene of an automobile accident for DUI on December 23, 1983 and, after he consented to take a breathalyzer test, he was taken to the local police station for the test pursuant to Section 1547 of the Code. At the police station, Licensee first requested that he be allowed to go to the bathroom, which the arresting officer without hesitation permitted him to do. He then requested that he be taken to the hospital, and again the police officer accommodated Licensee. The following testimony of the arresting officer, represents the *total extent of evidence* produced by the Department at the hearing before the trial judge to meet its burden of proof to show that Licensee refused to take a chemical test:

I said, 'Don't forget, if you don't take the test, you will lose your license for a year.' So then he had to go to the bathroom and I took him to the bathroom, and again I told him about taking the test and he said now he wanted to go to the hospital. At the hospital he was asked to take a [blood] test. He said he would. The doctor in the emergency read him the form, and he did not take the doctor's word for it. He wanted to read it. Then we asked if he would take the test and he said he wasn't finished reading it, so we waited a couple more minutes, asked if he was

ready to take the test and he said he still wasn't finished reading it. I considered it a refusal.

The police officer *never* testified that the Licensee refused to take the test at the police station; nor did counsel representing the Department *ever even ask* the police officer if the Licensee refused to take the test. In short, no evidence whatsoever, let alone substantial evidence, was presented by the Department to meet its burden to show that Licensee refused to take the test *at the police station*. Although this Court might venture to say that there probably was sufficient evidence to show a refusal by Licensee *at the hospital,* because anything substantially less than an unqualified, unequivocal assent to take a breathalyzer test amounts to a refusal under Section 1547 of the Code, *Hando v. Commonwealth,* 84 Pa. Commonwealth Ct. 63, 478 A.2d 932 (1984), the Department's trial counsel inexplicably *conceded* that the Licensee's actions at the hospital did not amount to a refusal under the Code.

The Department now asserts, that it did *not* make the concession. The record very clearly is to the contrary. We begin with a recitation from the notes of testimony before the trial judge after Licensee's attorney, P. David Maynard, Esquire, called to the Court's attention *Maffei v. Department of Transportation,* 53 Pa. Commonwealth Ct. 182, 416 A.2d 1167 (1980), which holds that the Commonwealth may not require a driver, as part of his consent to a blood test, to execute a document limiting or waiving the tester's liability:

> *Assistant Attorney General:* Your Honor, I am aware of the case and it is as Mr. Maynard says. However, I do not feel that in this case it applies. I think we have a refusal prior to the refusal to sign the consent forms. I would prefer to just retain that for final argument, but I will go into it further now if you are predisposed to

sustain his appeal, which I do not believe would be proper.

*Mr. Maynard:* My point, your Honor, is up there at the Mt. Penn Police Department he there consented to submit to the test. The only point there was any question on was when he asked to go to the hospital, and that was not a refusal.

. . . .

*Assistant Attorney General:* How long must an officer be expected to deal with an argumentative defendant who is essentially wasting time until the blood alcohol changes with time, and that's why the law is set up as it is, to put in the control of the officer a time period in which the appellant is asked and he has to say yes or no, *and he said no. We don't have a refusal under the Vehicle Code because I agree the failure not to sign the consent form is not a refusal, but we had at least two refusals in this case, the last one at the station, AND THAT'S WHAT WE HANG OUR HAT ON.*

. . . .

*Assistant Attorney General* [in summation]: Your Honor, I think I have already argued the first part of it. *I WILL CONCEDE THAT THE REFUSAL AT THE HOSPITAL WAS NOT A REFUSAL UNDER THE CODE,* because it was a refusal to sign waiver forms, not the test. At the police station it was a refusal. (Emphasis added.)

It is readily apparent, therefore, that the Department did indeed concede that Licensee did not refuse to take a blood test at the hospital, despite its obstreperous assertions to the contrary, and so "hung its hat." *See Piper Aircraft Corp., v. Workmen's Compensation*

*Appeal Board (Bibey)*, 86 Pa. Commonwealth Ct. 614, 485 A.2d 906 (1985) (attorney's admissions during the course of trial are binding upon client).

Furthermore, in the brief opinion of the trial judge, she clearly picked up the concession by the Department and quoted counsel's very words from the above transcript: "Although it is not clear that performance of the blood test was contingent on appellant signing the waiver, the *Commonwealth has conceded* 'that the refusal at the hospital was not a refusal under the code.' (N.T. 19)." (Emphasis added.) From this opinion, the Department deliberately chose not to file an application for reconsideration,[1] nor did it take a precautionary appeal from the previous order of the trial court, nor did it even avail itself of the opportunity we provided to file a supplemental brief in this Court to contradict or explain why it had conceded this issue after the trial judge's opinion had been written and filed. This then brings us to the Department's second basis for requesting reconsideration.

As indicated previously, this case has had a rather tortured procedural background. The original appeal was taken and the matter listed for argument in this Court before the trial judge wrote her opinion sustaining the suspension. The delay in opinion writing was caused by Licensee's failure to pay the court stenographer so that the notes of testimony could be tran-

---

[1] Pa. R.A.P. 1701(a) would divest the trial court of authority to grant the application to reconsider *unless* this Court would also agree to remand the case to the trial court because of the procedural complexity. *See,* Pa. R.A.P. 1701(b)(5). *See also* 1 G. Darlington, K. McKeon, D. Schuckers, K. Brown, Pennsylvania Appellate Practice §§1701:25, 1701:26. The Department made no such application to this Court. Had such an application for reargument been granted by the trial court, the Department could have filed a timely appeal from any subsequent order of that court.

scribed. Therefore, both the Licensee's brief and the Department's brief were written and filed in our Court, albeit subsequent to the order of the trial court, prior to the trial judge writing her opinion. When this muddled procedural transposition was discovered, we entered an order on January 26, 1988, which stated: "this court having received a supplemental memorandum opinion from the lower court, the appellant [Licensee] may file and serve a supplemental brief (15 copies) on or before February 12, 1988, and appellee [Department] may file and serve a supplemental brief (15 copies) on or before February 26, 1988."

Neither Licensee nor the Department took advantage of this opportunity to file a supplemental brief. Accordingly, on June 23, 1988, we filed our opinion and order reversing the trial court. Our order had the effect of reinstating Licensee's driving privileges.[2] The Department cannot now be heard to complain, therefore, that it was obliged to file its original brief before the opinion of the trial judge was written, when it ignored the opportunity provided by this Court to file a supplemental brief.

In summary, on the substantive issue, we reiterate here what we stated in our first opinion—that upon careful review, we cannot find substantial evidence to support a finding that licensee refused to take the breathalyzer test *at the police station.* Despite the facts alleged by the Department in its brief, the arresting officer never testified that Licensee refused to take the test, nor did he ever testify or intimate in any way that he considered Licensee's action *at the police station* a refusal. We fully agree that a refusal to take a breath test need not be expressed in words and can be implied

---

[2] *Marmo v. Department of Transportation,*    Pa. Commonwealth Ct.    , 543 A.2d 236 (1988).

198

by a licensee's actions. *Department of Transportation, Bureau of Highway Safety v. O'Rourke*, 25 Pa. Commonwealth Ct. 580, 361 A.2d 496 (1976). However, a mere request to go to the bathroom, and even a request to be taken to the hospital, without more, and without the opinion of the arresting officer that he considered it a refusal, is not such sufficient evidence so as to be considered a refusal.

Since the Department has conceded that whatever Licensee's actions were at the hospital, they could not be considered a refusal, we hereby reaffirm the order we first entered on June 23, 1988.

ORDER

NOW, November 18, 1988, our order entered on June 23, 1988 is hereby affirmed and consequently the order of the Court of Common Pleas of Berks County, dated December 4, 1985, is reversed and the Department of Transportation is directed to reinstate Licensee's operating privileges.