## Commonwealth v. Olbrish

*Walter F. Cameron Jr.,* for the Commonwealth.
*Virginia L. Desiderio,* for defendant.

LOUGHRAN, *J.,* October 15, 1991—Daniel G. Olbrish was operating a motor vehicle on Pennsylvania Route 51 South when he was stopped by Forward Township police officer Arthur Dubinsky. The incident occurred on April 12, 1991, at 3:10 a.m. in Allegheny County, Pennsylvania.

Officer Dubinsky administered various field sobriety tests to defendant and subsequently placed defendant under arrest for driving while intoxicated. The police then transported the defendant to a neighboring police station for an intoxilyzer test. The defendant made three different attempts to take the test. On each attempt the police officer was unable to get an adequate reading, because the petitioner failed to supply a sufficient breath sample.

The defendant testified at the hearing held on September 16, 1991, that the equipment had malfunctioned. The police officer testified that in his opinion the defendant had not made a good-faith effort to take the intoxilyzer test. In either event

there is no dispute that Officer Dubinsky then elected to take the defendant to Monongahela Valley Hospital for a blood test.

Upon arrival at the hospital, the defendant was requested by the hospital personnel to sign a "release" form releasing the hospital from any liability relating to the administration of the blood test. The defendant initially questioned the contents of the release form, and subsequently refused to sign the form releasing the hospital from liability. At no time did the defendant refuse to take the blood test. Officer Dubinsky then advised the defendant that the failure to sign the release form constituted a refusal and that his license would be suspended for one year.

On May 23, 1991, the defendant was notified by the Commonwealth of Pennsylvania, Department of Transportation, that his license would be suspended for one year effective June 27, 1991, for refusal to submit to chemical testing. Defendant filed a timely appeal with the Court of Common Pleas of Westmoreland County, Pennsylvania. A hearing was held on September 16, 1991. This defendant's brief was submitted on behalf of defendant, Daniel G. Olbrish, on September 26, 1991, and the Commonwealth filed their brief on the first day of October 1991.

## DISCUSSION

At the hearing in the within matter the Commonwealth called the arresting officer as its only witness. At that hearing the Forward Township officer indicated that after observing the petitioner operating his car in an erratic manner and after stopping the petitioner for this motor vehicle violation he discovered the classic symptoms of DUI.

Petitioner Olbrish failed field sobriety tests and was taken to the Forward Township Police Station for a breathalyzer test, which was agreed to but, according to the officer, was a refusal in that on three different occasions Olbrish refused to supply a sufficient amount of breath to be tested. Daniel Olbrish testified, on the other hand, that the machine fell apart and that he honestly tried to supply enough breath but apparently the machine was unable to accept the sample.

According to the officer and "to be fair" the officer then transported Daniel Olbrish to the Mon-Valley Hospital for the purpose of taking a blood test. The petitioner agreed to take the blood test but when confronted with a hospital form which contained a release "in futuro," he refused to sign the same in light of a past experience he had with another hospital. The hospital in turn would not draw the blood without a signature on their forms. The entire incident was reported as a refusal to take a blood, breath or urine sample under the implied consent law and the petitioner's driver's license was suspended for a period of one year.

The court is confronted with a factual dispute as to whether or not the defendant's attempts to blow enough breath into a breathalyzer machine was tantamount to a refusal or, according to the petitioner's version, that because the machine kept falling apart he was unable to supply a sufficient sample of breath.

As the fact finder, this court believes the police officer's version of why a sufficient sample of breath was not provided by the petitioner. This court finds that the defendant refused to supply an adequate sample because he would not place his lips tightly around the tube and was trying to avoid supplying a sufficient sample of breath in his attempts. This

court also finds that the story, "that the machine kept falling apart," was unbelievable and that the motorists's actions were a refusal on his part.

The department has met its burden of establishing that Olbrish refused to submit to a chemical test of his breath evidenced by his failure to produce adequate breath to register a sufficient reading on the intoxilyzer. A motorist's failure to provide a sufficient breath sample for an intoxilyzer reading is tantamount to a refusal, thus warranting his suspension of the motorist's operating privileges for a period of one year.

Pursuant to section 1547, 75 Pa.C.S. §1547, it has been consistently held that the motorist's failure to provide sufficient breath to activate a breathalyzer machine to obtain a valid reading constitutes a refusal of chemical testing, thus mandating the suspension of the motorist's operating privilege for one year. *Department of Transportation v. Berta,* 120 Pa. Commw. 558, 549 A.2d 262 (1988); *Croissant v. Commonwealth,* 114 Pa. Commw. 601, 539 A.2d 492 (1988), *appeal denied* 549 A.2d 138 (1988); *Department of Transportation, Bureau of Driver Licensing v. Haines,* 49 Pa. Commw. 407, 411 A.2d 571 (1980); *Department of Transportation, Bureau of Traffic Safety v. Jones,* 38 Pa. Commw. 400, 395 A.2d 592 (1978); *Department of Transportation, Bureau of Traffic Safety v. Medalis,* 24 Pa. Commw. 12, 354 A.2d 43 (1976).

The petitioner next argues that when a police officer for whatever reason offers a chemical test or the like, after a refusal has occurred, the police officer is deemed by his actions to have waived the initial refusal citing *Marmo v. Commonwealth, Department of Transportation,* 543 A.2d 236 (1988). In addition, the petitioner argues that when Olbrish agreed to take a second test or a blood test at the

hospital, he only subsequently refused to complete the test because the hospital demanded that he first sign a form releasing the hospital from liability. Under these circumstances, Olbrish correctly stated that "nothing in the Vehicle Code requires a driver, as part of this consent to a blood test, to execute a document limiting or waiving the tester's liability" citing the case of *Maffei v. Commonwealth, Department of Transportation,* 53 Pa. Commw. 182, 416 A.2d 1167 (1980).

This court does not agree with petitioner that the *Marmo* case, *supra,* requires this court to determine that since the police officer gratuitously offered a licensee a subsequent opportunity to take one of the chemical tests, that this police officer's actions are deemed to have caused a waiver by the petitioner of the first refusal.

After the *Marmo* case, *supra,* was decided and subsequently reconsidered by the Commonwealth Court in *Marmo v. Commonwealth, Department of Transportation,* at 121 Pa. Commw. 191, 550 A.2d 607 (1988) (*Marmo II*), the Commonwealth Court on April 2, 1991, decided the case of *Geonnotti v. Commonwealth, Department of Transportation,* 138 Pa. Commw. 652, 588 A.2d 1343 (1991). In that case, Pellegrini, *J.,* on behalf of the court stated that "Geonnotti's later assent did not supersede his earlier refusal" and discussed these *Marmo* cases in footnote 7 as follows:

"In *Marmo v. Commonwealth, Department of Transportation,* 543 A.2d 236 (1988) (*Marmo I*), *upon reconsideration,* 121 Pa. Commw. 191, 550 A.2d 607 (1988) (*Marmo II*), a case not cited by Geonnotti, this court addressed the issue of subsequent offers by police officers. In *Marmo I,* we stated 'where a police officer gratuitously offers a licensee a subsequent opportunity to take one of the

chemical tests, the prior refusal is waived.' 543 A.2d at 238. *Marmo's* facts show that this statement is dicta and not controlling.

"In *Marmo I*, a licensee refused to take a breathalyzer at the police station, but offered to take a blood test at a hospital to which the police acceded. At the hospital, the licensee stalled reading the consent form, prompting the police to mark a refusal. At trial, PennDOT inexplicably conceded that this did not constitute a refusal, but the refusal at the police station justified the suspension.

"In *Marmo I*, we found that there was no evidence presented to support a finding that he had, in fact, refused to take the first test. The comment then that a gratuitous offer as to vitiate the refusal was merely dicta."

Clearly, the appellate courts have determined, under this initial scenario, that the petitioner's refusal to take an intoxilyzer test, by failing to supply a sufficient amount of breath, was properly deemed a refusal and the Department of Transportation appropriately suspended his driving privileges for one year.

The officer who gratuitously and for whatever reason offered to take the defendant to the hospital for a subsequent test has therefore not caused a wavier of the first refusal that occurred at the police station.

## ORDER

And now, October 15, 1991, after review and hearing in the above entitled matter, it is hereby ordered, adjudged and decreed that the petition is denied and the Department of Transportation is directed to suspend the petitioner's operating privileges for one year.