J. A26027/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                 :          PENNSYLVANIA
              v.              :
                                 :
KENNETH M. HARDY JR.,       :        No. 703 MDA 2015
                                 :
            Appellant     :

Appeal from the PCRA Order, February 26, 2015,
in the Court of Common Pleas of Mifflin County
Criminal Division at No. CP-44-CR-0000453-2003

BEFORE:  FORD ELLIOTT, P.J.E., WECHT AND PLATT,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:      **FILED DECEMBER 01, 2015**

Kenneth M. Hardy, Jr., appeals **pro se** from the February 26, 2015 order dismissing his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Finding that appellant's claims lack merit, we affirm.

The relevant facts of this case can be found in this court's opinion in response to appellant's direct appeal.  **Commonwealth v. Hardy**, 918 A.2d 766 (Pa.Super. 2007), **appeal denied**, 940 A.2d 362 (Pa. 2008):

> Appellant, his infant son (Victim), Appellant's girlfriend (who was not Victim's mother), and the girlfriend's own children slept at the same home on the night of February 21, 2003.  Victim did not sleep well and, according to Appellant, cried and "fussed" all night.
>
> The next morning, Appellant's girlfriend departed their mutual residence, leaving Appellant

---

* Retired Senior Judge assigned to the Superior Court.

and Victim as the only persons therein. When the girlfriend departed, Victim appeared to be unharmed. For roughly the next two hours, Victim was in Appellant's exclusive custody and care. At the end of that time, Appellant took Victim to a hospital because it appeared that Victim was dying. Medical personnel determined that, along with rib fractures, Victim had a swollen, bleeding brain. Some two days later, Victim died from his injuries.

Expert medical testimony established that Victim sustained his fatal injuries when he was under Appellant's exclusive control. One expert testified that an immense amount of force was applied to Victim's head in a very short duration, damaging the brain and causing it to bleed. While the expert could not say that Victim was shaken, he did testify that the probability was high that Victim was grabbed and slammed against something.

A second expert testified that Victim was shaken violently and that, in the course of being shaken, his head struck an object, thus causing his brain to swell and bleed. He indicated that the injuries revealed a case of Shaken Baby Syndrome or Shaken Impact Syndrome. The expert also testified that Victim suffered a rib fracture from being squeezed violently during the shaking episode.

[During trial,] Appellant contended that he was sleeping on a couch with Victim and that Victim fell from the couch into a nearby, padded bassinet or onto the floor. The medical evidence showed that Victim's injuries could not have occurred from the fall which Appellant described.

*Id.* at 770. In his PCRA petition, appellant produces another alternate theory of the case, in which he alleges that the infant victim died as a result of injuries sustained approximately two and a half weeks prior his death

when he was struck in the head by a Nerf football thrown by the infant's mother's three-year-old son. (***See*** appellant's brief, exhibit "B.")

The PCRA court provided the following relevant procedural history:

> Kenneth M. Hardy, Jr. (Defendant) was arrested on July 16, 2003 in Mifflin County. Defendant was charged with two (2) counts including: Criminal Homicide (18 Pa.C.S.A. § 2501(a)) and Endangering Welfare of Children (18 Pa.C.S.A. §4304(a)). A Preliminary Hearing was held August 7, 2003 before District Justice Michael M. Colyer. An Omnibus Pre-Trial Motion was filed October 23, 2003, requesting the Court to appoint an investigator and a medical expert. On December 11, 2003, the Court authorized the Defendant to retain a medical expert for the purpose of reviewing medical records, police records, and other documents and to provide an opinion to defense counsel regarding the manner of death. Defendant was also authorized to retain a private investigator. During this time period, Defendant filed a Motion for Continuances on October 24, 2003, May 11, 2004 and December 19, 2004, in order to evaluate and prepare his case.
>
> On August 10, 2004, Defendant entered a negotiated guilty plea to the charge of Criminal Homicide, with Count II, Endangering Welfare of Child as Parent to be nol prossed. A pre-sentence investigation was ordered on August 10, 2004. On September 29, 2004, Defendant filed a pro se Motion for Change of Appointed New Counsel. On September 30, 2004, Defendant filed a Motion to Withdraw Guilty Plea. On October 07, 2004, Defendant filed a pro se Petition For Release From Incarceration on Nominal Bail, Pursuant to Pa.R.C.P., Rule 600. Defendant's Motion to Withdraw his Guilty Plea and his Petition for new counsel were granted on October 21, 2004. His Petition for Release from Incarceration was denied. Mark J. Remy, Esquire was appointed to represent Defendant on

November 4, 2004. Defendant, through counsel, filed a Motion for Continuance on January 18, 2005.

A two-day trial was held, and on March 10, 2005, a jury found Defendant guilty of Murder of the Third Degree and Endangering the Welfare of a Child. He was sentenced on March 16, 2005, to a period of incarceration of not less than eighteen (18) years nor more than forty (40) years. On March 28, 2005, Defendant filed a Post-Sentence Motion asking the Court to modify his sentence and requesting new counsel be appointed. The Court appointed Ralph A. Germak, Esquire on April 14, 2005.

On July 13, 2005, Attorney Germak filed Post-Sentence Motions alleging ineffectiveness of trial counsel, prosecutorial misconduct and trial court errors. The Court denied the motions on August 24, 2005. Defendant filed a Notice of Appeal on September 13, 2005 and a Statement of Matters Complained of on October 3, 2005. The Superior Court of Pennsylvania declined to address Defendant's ineffectiveness claims and affirmed the judgment of sentence on February 23, 2007. A Final Order denying Defendant's Request for Appeal to the Pennsylvania Supreme Court was filed on January 2, 2008. Attorney Germak filed a Motion to Withdraw and the Court granted his Motion on February 8, 2008.

On January 11, 2008, Defendant filed a Petition for Relief under the Post-Conviction Relief Act or Writ of Habeas Corpus and Attorney David G. Smith was appointed, as replacement counsel, on February 8, 2008. Defendant filed a Motion Requesting Funding to Hire an Expert Witness and a Hearing on said Motion was scheduled for January 2, 2009. On January 21, 2009, the Court denied Defendant's motion.

On December 8, 2014, Defendant's subsequent appointed Counsel, Attorney Justin P. Miller filed a Petition for Leave to Withdraw, upon providing Defendant with a No Merit letter. Defendant filed

> Written Objections to the No Merit Letter and the Court provided Defendant with a Notice of Intention to Dismiss on January 21, 2015.

PCRA court order and opinion, 2/26/15 at 1-3. Appellant filed written objections to the notice of intention to dismiss on February 16, 2015, and the PCRA court dismissed appellant's PCRA petition on February 26, 2015. On March 24, 2015, appellant filed timely notice of appeal to this court (**see** discussion, **infra**). The PCRA court ordered appellant to produce a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b), on April 28, 2015. Appellant filed his concise statement on May 4, 2015, and the PCRA court issued a statement in compliance with Rule 1925(a) on May 12, 2015.

Appellant raises the following issues for our review:

I. Whether PCRA counsel meaningfully participated in the adjudication of Appellant's first counseled PCRA petition?

II. Whether the PCRA Court erred as a matter of law in reviewing claims raised in Appellant's second PCRA petition?

III. Whether the PCRA Court erred as a matter of law or committed an abuse of discretion in denying Appellant's PCRA petition without assistance of an expert witness by which was necessary in the preparation of an Amended PCRA petition?

Appellant's brief at 4.

Before considering the issues appellant has raised on appeal, we must first address whether appellant's review is timely, and by extension, whether

this court has jurisdiction over the instant appeal. The PCRA court stated that this court does not have jurisdiction in this case because appellant filed his notice of appeal after the 30-day appeal period had expired, and by so doing, waived his right to an appeal. (PCRA court opinion, 5/12/15 at 3.) We do not agree.

Appellant's petition for relief pursuant to the PCRA was denied by the PCRA court on February 26, 2015. Appellant had 30 days to file a notice of appeal to this court, pursuant to Pa.R.A.P. 903. On March 24, 2015, appellant filed a timely, albeit defective, notice of appeal to this court by depositing his notice of appeal in the mailbox at SCI Benner Township. *See Commonwealth v. Jones*, 700 A.2d 423, 426 (Pa. 1997) (deems a notice of appeal filed when an appellant deposits the notice of appeal in the prison mailbox under what is commonly referred to as the "Prisoner Mailbox Rule"). The *Jones* court also held that the Prisoner Mailbox Rule applies to *all* appeals by *pro se* prisoners. *Id.* An appellant bears the burden of establishing that he or she complied with the Prisoner Mailbox Rule. *Id.* Acceptable forms of verification of compliance with the Prisoner Mailbox Rule include, *inter alia*, a certificate of mailing, a "cash slip" from prison authorities, or an affidavit attesting to the date the notice was deposited in the prison mailbox. *Id.*

In the instant appeal, appellant provided an affidavit in which he attested that he deposited his notice of appeal into the mailbox at

SCI Benner Township. On April 1, 2015, the Mifflin County Court of Common Pleas Clerk of Courts mailed appellant a letter indicating that his notice of appeal dated March 24 was defective because it did not include enough copies. Appellant's initial notice of appeal was not time-stamped by the Clerk of Courts. Appellant filed a revised notice of appeal on April 22, 2015, which was time-stamped by the Clerk of Courts. Our supreme court has determined that a clerk of courts' failure to time-stamp a notice of appeal "does not mean that the [appellant's] appeal is improperly before [the appellate court.]" ***Commonwealth v. Williams***, 106 A.3d 583, 590 (Pa. 2014).

We find that appellant in the instant case filed a timely, albeit defective, notice of appeal. Therefore, this court has jurisdiction to consider appellant's appeal. We shall now consider the issues appellant has raised for our review.

PCRA petitions are subject to the following standard of review:

> "[A]s a general proposition, we review a denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." ***Commonwealth v. Dennis***, 609 Pa. 442, 17 A.3d 297, 301 (Pa. 2011) (citation omitted). A PCRA court's credibility findings are to be accorded great deference, and where supported by the record, such determinations are binding on a reviewing court. ***Id.*** at 305 (citations omitted). To obtain PCRA relief, appellant must plead and prove by a preponderance of the evidence: (1) his conviction or sentence resulted from one or more of the errors enumerated in 42 Pa.C.S. § 9543(a)(2); (2) his claims have not been previously litigated or waived,

*id.* § 9543(a)(3); and (3) "the failure to litigate the issue prior to or during trial . . . or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel[.] ***Id.*** § 9543(a)(4). An issue is previously litigated if "the highest appellate court in which [appellant] could have had review as a matter or right has ruled on the merits of the issue[.]" ***Id.*** § 9544(a)(2). "[A]n issue is waived if [appellant] could have raised it but failed to do so before trial, at trial, . . . on appeal or in a prior state postconviction proceeding." ***Id.*** § 9544(b).

***Commonwealth v. Treiber***, 121 A.3d 435, 444 (Pa. 2015).

Under his first issue, appellant alleges ineffective assistance of his PCRA counsel. Although in his brief he asserts layered ineffectiveness, it is unclear as to the specific ineffectiveness directed to specific attorneys. Appellant explicitly references ineffective assistance from his trial counsel, Mark J. Remy, Esq., his PCRA counsel, Justin P. Miller, Esq., and Miller's predecessor, David G. Smith, Esq.[1]

The governing legal standard of review of ineffective assistance of counsel claims is well-settled:

[C]ounsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him.

---

[1] We note that the lower court has appointed six different attorneys to represent appellant throughout this matter. Because appellant only specifically references Attorneys Remy, Miller, and Smith in his brief, we shall only analyze their respective performances for the purposes of appellant's ineffective assistance of counsel claim. ***See Commonwealth v. Gould***, 912 A.2d 869, 873 (Pa.Super. 2006) (citations omitted) (this court cannot consider issues not fully developed in appellant's brief).

> ***Strickland v. Washington***, 466 U.S. 668 (1984). This Court has described the ***Strickland*** standard as tripartite by dividing the performance element into two distinct components. ***Commonwealth v. Pierce***, 527 A.2d 973, 975 (Pa. 1987). Accordingly, to prove counsel ineffective, the petitioner must demonstrate that (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) the petitioner was prejudiced by counsel's act or omission. ***Id.*** A claim of ineffectiveness will be denied if the petitioner's evidence fails to satisfy any one of these prongs.
>
> ***Commonwealth v. Busanet***, 54 A.3d 34, 45 (Pa. 2012) (citations formatted). Furthermore, "[i]n accord with these well-established criteria for review, [an appellant] must set forth and individually discuss substantively each prong of the ***Pierce*** test." ***Commonwealth v. Fitzgerald***, 979 A.2d 908, 910 (Pa.Super. 2009).

***Commonwealth v. Perzel***, 116 A.3d 670, 671-672 (Pa.Super. 2015).

We shall first address appellant's claims of ineffectiveness against Attorney Remy. In order to be granted relief for an ineffective assistance of counsel claim, an appellant must, as the ***Perzel*** court noted, substantively discuss each individual prong of the ***Pierce*** test. The only allegations that appellant makes regarding Attorney Remy's assistance is that Attorney Remy fail[ed] "to investigate, obtain and present [a] forensic medical expert to aid development of defense to rebut Commonwealth's theory in prosecuting their (sic) case." (Appellant's brief at 10-11.)

- 9 -

This is inadequate to establish that Attorney Remy's assistance to appellant was ineffective. "Such undeveloped claims, based on boilerplate allegations, cannot satisfy appellant's burden of establishing ineffectiveness." ***Commonwealth v. Steele***, 961 A.2d 786, 797 (Pa. 2008) (citations omitted). Therefore appellant's claim of ineffective assistance of counsel as to Attorney Remy's performance at trial is without merit.

We now turn to appellant's allegation that Attorney Miller failed to provide effective assistance as appellant's PCRA counsel. It is well settled that a petitioner is entitled to effective assistance of counsel when filing his or her first petition pursuant to the PCRA. ***Commonwealth v. Albrecht***, 720 A.2d 693, 700 (Pa. 1998). The ***Albrecht*** court also established the following standard for effective assistance of PCRA counsel:

> [W]e will grant relief only if Appellant has shown that "counsel's conduct, by action or omission, was of questionable legal soundness; that the conduct complained of had no reasonable basis designed to effectuate the client's interest; and that counsel's conduct had an adverse effect on the outcome of the proceedings." ***Commonwealth v. Clark***, 710 A.2d 31, 35 (Pa. 1998). If it is clear that Appellant has not demonstrated that counsel's act or omission adversely affected the outcome of the proceedings, the claim may be dismissed on that basis alone and the court need not first determine whether the first and second prongs have been met. ***Commonwealth v. Travaglia***, 661 A.2d 352, 357 (Pa. 1995).

***Albrecht***, ***supra*** at 701.

- 10 -

In the case **sub judice**, it is clear that appellant has not established that PCRA counsel's failure to pursue appellant's theory of the underlying case affected the outcome of the proceedings. Appellant devotes much of the first argument section of his brief to his theory of the case where he discusses this theory that the victim's previously unreported sleep apnea and accident involving a Nerf football may have contributed to the victim's death. (Appellant's brief at 13.) Appellant also avers that he "requires PCRA counsel to consult and present forensic medical expert[s] to determine whether 'said' 'football' incident [was] the proximate cause of [the victim's] demise." (**Id.**)

As stated in Attorney Miller's **Turner**/**Finley**[2] letter, this claim has no merit. The Commonwealth presented testimony from two expert witnesses that stated that the victim's death was the result of "non-accidental trauma." Moreover, a potential expert witness that was consulted by Attorney Remy in preparation for trial stated that she was inclined to agree with the Commonwealth's experts.[3] Appellant has also failed to name a potential expert witness who would be able to testify that the infant's brain injury was the result of being struck by a Nerf football, instead relying on pure

---

[2] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 607 (Pa.Super. 1988).

[3] The potential witness, Dr. Kristie L. Kauffman, stated that the "lesions in the brain 'result from forceful deformation of the head, unless a massive accidental event is associated, their presence is highly suggestive of abusive force.'" (Docket #81.)

speculation that such an expert exists. Moreover, the PCRA court denied appellant's motion for funding for an expert witness. (Docket #55.)

We determine that Attorney Miller's failure to find an expert who can corroborate appellant's theory of the case was not ineffective assistance, and appellant has failed to establish that the outcome of the proceedings would have been any different.

Appellant also avers that Attorney Miller failed to comply with the requirements set forth by **Turner** and **Finley**. Specifically, appellant alleges that Attorney Miller, "failed to address and/or investigate law and facts relative to appellant's claims raised in his timely filed first counseled PCRA petition." (Appellant's brief at 10.)

> The **Turner**/**Finley** decisions provide the manner for post-conviction counsel to withdraw from representation. The holdings of those cases mandate an independent review of the record by competent counsel before a PCRA court or an appellate court can authorize an attorney's withdrawal. The necessary independent review requires counsel to file a "no-merit" letter detailing the nature and extent of his review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless. The PCRA court . . . then must conduct its own independent evaluation of the record and agree with counsel that the petition is without merit.

**Commonwealth v. Freeland**, 106 A.3d 768, 775 (Pa.Super. 2014), quoting **Commonwealth v. Rykard**, 55 A.3d 1177, 1184 (Pa.Super. 2012), **appeal denied**, 64 A.3d 631 (Pa. 2013).

A review of Attorney Miller's no-merit letter indicates that he has complied with the **Turner**/**Finley** requirements. Attorney Miller listed each issue that appellant wished to have examined, and then described in detail the reasons why all of appellant's issues were without merit. (**See** docket #81.) Attorney Miller provided effective assistance to appellant for his PCRA petition. Therefore, appellant's first issue has no merit.

In his second issue for our review, appellant alleges that the PCRA court erred by addressing his PCRA petition filed **pro se** on October 11, 2012. In his October 11, 2012 PCRA petition, appellant alleged that his PCRA counsel at the time, David G. Smith, Esq., was providing him ineffective assistance. Because appellant's October 11, 2012 PCRA petition alleges new matter unrelated to his original January 8, 2008 PCRA petition, the October 11, 2012 petition is treated as a new petition. **Commonwealth v. Porter**, 35 A.3d 4, 12 (Pa. 2012). A petitioner is prohibited from filing a subsequent PCRA petition while the original petition is still being reviewed by a court. **Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa. 2000). Therefore, appellant's October 11, 2012 PCRA petition should have been dismissed.

In his third issue for our review, appellant alleges that the PCRA court erred by denying appellant's PCRA petition without first considering a potential expert witness. It is unclear, however, based on the contents of his brief, if appellant is actually alleging that the PCRA court erred when it

refused to appoint an expert witness to assist appellant's petition; or if he is alleging ineffective assistance of PCRA counsel for failing to secure an expert witness. We shall discuss both allegations.

We first address whether the PCRA court erred by refusing to appoint an expert witness, Kirk L. Thibault, Ph.D., to corroborate the theories raised in appellant's petition--specifically, the theory that the infant's death was caused by injuries sustained as a result of being struck on the head by a Nerf football several weeks before the infant's death. Our supreme court has stated that:

> The provision of public funds to hire experts to assist in the defense against criminal charges is a decision vested in the sound discretion of the court and a denial thereof will not be reversed absent an abuse of that discretion. At the trial stage, "an accused is entitled to the assistance of experts necessary to prepare a defense." This court has **never decided** that such an appointment is required in a PCRA proceeding. We must review the PCRA court's exercise of its discretion in the context of the request, that an expert's testimony is necessary to establish his entitlement to relief under 42 Pa.C.S. § 9543(a)(2)(vi), the provision of the PCRA which deals with claims of innocence based on after-discovered evidence.[4]

*Commonwealth v. Reid*, 99 A.3d 470, 505 (Pa. 2014), quoting *Albrecht*, *supra* at 707 (emphasis added).

The PCRA court, in addressing appellant's claim, stated that Thibault's testimony would not have undermined the Commonwealth's case due to the

---

[4] Appellant does not raise such a claim in the instant appeal.

overwhelming evidence presented by the Commonwealth, which included two expert witnesses who testified that the victim's death was caused by "non-accidental trauma." (PCRA court opinion, 5/12/15 at 7.) We find that appellant was not entitled to have a court-appointed expert witness assist in his litigation of his PCRA petition, and this issue has no merit.

We now address whether PCRA counsel was ineffective in failing to secure an expert witness who was willing to testify on behalf of appellant. Appellant is unable to establish by a preponderance of the evidence that he was prejudiced by Attorney Smith's failure to secure Thibault's services, as is required to prevail on an ineffective assistance of counsel claim, **see Perzel**, **supra**. In order to establish prejudice resulting from counsel failing to call a witness, a petitioner must be able to prove by a preponderance of the evidence that,

> (1) [T]he witness existed; (2) the witness was available to testify for the defense; (3) counsel knew, or should have known, of the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

**Commonwealth v. Wantz**, 84 A.3d 324, 331 (Pa.Super. 2014), citing **Commonwealth v. Sneed**, 45 A.3d 1096, 1108-1109 (Pa. 2012) (citations omitted).

In the case **sub judice**, appellant has failed to meet the fourth prong under **Wantz**, which requires that the witness is willing to testify on behalf

of appellant. As the PCRA court noted in its notice to dismiss appellant's PCRA petition, "Counsel of record has sent numerous letters, telephone calls, and messages to Dr. Thibault and has been unable to communicate with him." (PCRA court order and opinion, 2/26/15 at 7.) The numerous unsuccessful attempts by Attorney Smith to reach Thibault indicate that Thibault was unwilling to testify on behalf of appellant. Therefore, appellant is not able to establish by a preponderance of the evidence that he was prejudiced by Attorney Smith's failure to secure an expert witness's services, and his third issue is without merit.

Order affirmed.

Judgment Entered.

JosephD.Seletyn,Esq.
Prothonotary

Date: 12/1/2015