J. S14013/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ROBERT HARRY THOMAS, | : | No. 1191 MDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, June 23, 2015,
in the Court of Common Pleas of Franklin County
Criminal Division at No. CP-28-CR-0000837-2009

BEFORE: FORD ELLIOTT, P.J.E., PANELLA, J., AND STEVENS, P.J.E.*

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED APRIL 25, 2016**

Robert Harry Thomas appeals, ***pro se***, from the June 23, 2015 order

dismissing his first petition under the Post Conviction Relief Act ("PCRA"),

42 Pa.C.S.A. §§ 9541-9546, without a hearing. We affirm.

A previous panel of this court articulated the following facts on direct

appeal:

> The record reveals that, in the early morning hours of May 10, 2009, Appellant broke into the home of his ex-girlfriend ("the victim"), bound her wrists, ankles and face in duct tape, threatened her with a knife, and caused her to fear for her life. After several hours, Appellant released the victim. She had minor injuries to her face, neck, and wrists. Later that morning, the victim went to a neighbor and reported the incident; the neighbor contacted the police. Appellant was arrested and charged with one count each of kidnapping, burglary, terroristic threats, and false imprisonment.

---

* Former Justice specially assigned to the Superior Court.

The trial court summarized the procedural history of this case as follows:

In a two-day trial on August 30 and August 31, 2010, [Appellant] was convicted by a jury of one count of burglary, one count of terroristic threats, and one count of false imprisonment. [Appellant] was also charged with one count of kidnapping on which the jury was hung. This Court sentenced [Appellant] on December 8, 2010 but vacated its sentence on January 19, 2012 after holding that the sentence imposed was illegal. The Court re-sentenced [Appellant] on February 29, 2012. Post-sentence motions were filed by [Appellant] on March 12, 2012 and a hearing was scheduled before this Court on March 30, 2012. On March 16, 2012, [Appellant] filed a **_pro se_** motion requesting new counsel be appointed to represent him in an appeal. The Court appointed new counsel for [Appellant] on March 23, 2012 and provided counsel twenty days to make any amendments to the post-sentence motions previously filed. New counsel filed an amended post-sentence motion on April 13, 2012. The Commonwealth filed an Answer to the original post-sentence motion on April 27, 2012 as well as an Answer to the amended post-sentence motion on May 3, 2012. The Court issued a Post-Sentence Opinion on July 9, 2012 denying [Appellant's] post-sentence motions.

Trial Court Opinion, 9/27/12, at 1-2 (footnotes omitted). The record further reveals that, upon resentencing, the trial court reduced the length of Appellant's aggregate term of incarceration to 10 to 20 years and imposed Laboratory User's Fees

> ("Lab Fees") totaling $4,077.00, pursuant to
> 42 Pa.C.S.A. § 1725.3 Order of Court, 2/29/12.

*Commonwealth v. Thomas*, No. 1412 MDA 2012, unpublished memorandum (Pa.Super. filed May 30, 2013). This court affirmed the February 29, 2012 judgment of sentence, and our supreme court denied appellant's petition for allowance of appeal on March 11, 2014. *See Commonwealth v. Thomas*, 87 A.3d 319 (Pa. 2014).

Appellant timely filed the instant PCRA petition on December 3, 2014. On May 22, 2015, the trial court granted appellant's counsel's petition to withdraw pursuant to the requirements set forth by *Turner* and *Finley*[1] and notified appellant of the court's intentions to dismiss the PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907(1). The trial court dismissed appellant's PCRA petition on June 23, 2015. On July 9, 2015, appellant filed a notice of appeal. The trial court ordered appellant to produce a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on July 13, 2015, and appellant complied on July 30, 2015.

Appellant raises the following issues on appeal:

1. Was Appellant denied effective assistance of counsel before trial and after said trial and during the trial[?]

2. [Were] there Procedural Errors by the trial court[?]

---

[1] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 607 (Pa.Super. 1988) (*en banc*).

J. S14013/16

> 3.     Did Appellant receive a fair trial in accordance with Due Process standards . . . [?]

Appellant's brief at 4.

PCRA petitions are subject to the following standard of review:

> "[A]s a general proposition, we review a denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." **Commonwealth v. Dennis**, 609 Pa. 442, 17 A.3d 297, 301 (Pa. 2011) (citation omitted). A PCRA court's credibility findings are to be accorded great deference, and where supported by the record, such determinations are binding on a reviewing court. **Id.** at 305 (citations omitted). To obtain PCRA relief, appellant must plead and prove by a preponderance of the evidence: (1) his conviction or sentence resulted from one or more of the errors enumerated in 42 Pa.C.S. § 9543(a)(2); (2) his claims have not been previously litigated or waived, **id.** § 9543(a)(3); and (3) "the failure to litigate the issue prior to or during trial . . . or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel[.] **Id.** § 9543(a)(4). An issue is previously litigated if "the highest appellate court in which [appellant] could have had review as a matter of right has ruled on the merits of the issue[.]" **Id.** § 9544(a)(2). "[A]n issue is waived if [appellant] could have raised it but failed to do so before trial, at trial, . . . on appeal or in a prior state postconviction proceeding." **Id.** § 9544(b).

**Commonwealth v. Treiber**, 121 A.3d 435, 444 (Pa. 2015).

> As a prefatory matter, although this Court is willing to construe liberally materials filed by a **pro se** litigant, **pro se** status generally confers no special benefit upon an appellant. **Commonwealth v. Maris**, 427 Pa.Super. 566, 629 A.2d 1014, 1017 n. 1 (1993). Accordingly, a **pro se** litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. **Id.** This Court

- 4 -

> may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure. *Id.*; Pa.R.A.P. 2101. For example,
>
> > The argument [section] shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part-in distinctive type or in type distinctively displayed-the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.
>
> Pa.R.A.P. 2119(a).

*Commonwealth v. Lyons*, 833 A.2d 245, 251-252 (Pa.Super. 2003), *appeal denied*, 879 A.2d 782 (Pa. 2005).

In the instant appeal, appellant raises three questions presented, yet presents an argument that is separated into four sections. Much like the defendant in *Lyons*, appellant's argument is "rambling, repetitive, and often incoherent." *See id.* at 252. As the *Lyons* court did, we shall extract the arguments that can be reasonably construed from appellant's argument and address them "in the interest of justice." *See id.*

Under his first issue, appellant alleges ineffective assistance of counsel. Specifically, appellant makes a litany of allegations regarding his counsel before and during trial, then-Chief Public Defender Michael Toms

and James Reed, Esq.[2] He alleges, *inter alia*, that Attorneys Toms and Reed failed to adequately communicate with appellant; that Attorney Reed did not notify appellant of a plea offer from the Commonwealth; and that during trial, Attorney Reed failed to adequately impeach the Commonwealth's witnesses.

> The governing legal standard of review of ineffective assistance of counsel claims is well settled:
>
> > [C]ounsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. ***Strickland v. Washington***, 466 U.S. 668 (1984). This Court has described the ***Strickland*** standard as tripartite by dividing the performance element into two distinct components. ***Commonwealth v. Pierce***, 527 A.2d 973, 975 (Pa. 1987). Accordingly, to prove counsel ineffective, the petitioner must demonstrate that (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) the petitioner was prejudiced by counsel's act or omission. ***Id.*** A claim of ineffectiveness will be denied if the petitioner's evidence fails to satisfy any one of these prongs.

---

[2] Attorney Toms was originally appointed by the trial court to represent appellant. Appellant requested to be represented by a different attorney, and the trial court granted Attorney Toms' motion to withdraw as counsel on January 12, 2010. The trial court appointed Attorney Reed to represent appellant on February 19, 2010. Stephen Kulla, Esq., represented appellant in the interim and is not the subject of any of appellant's allegations of ineffective assistance of counsel.

> ***Commonwealth v. Busanet***, 54 A.3d 34, 45 (Pa. 2012) (citations formatted). Furthermore, "[i]n accord with these well-established criteria for review, [an appellant] must set forth and individually discuss substantively each prong of the ***Pierce*** test." ***Commonwealth v. Fitzgerald***, 979 A.2d 908, 910 (Pa.Super. 2009).

***Commonwealth v. Perzel***, 116 A.3d 670, 671-672 (Pa.Super. 2015).

Here, appellant does not set forth and substantively discuss each ***Pierce*** prong as required by ***Perzel***. Instead, appellant makes conclusory allegations of ineffective assistance by Attorneys Toms and Reed. A careful review of the record indicates that appellant's allegations are lacking any arguable merit. Moreover, aside from a cursory reference to the ***Pierce*** prongs in his brief, appellant does not address how Attorneys Toms' and Reed's actions or inactions either lacked an objectively reasonable basis or prejudiced appellant. Therefore, we find that appellant's first issue is without merit.

In appellant's second issue for our review, he avers that the trial court committed procedural errors. (Appellant's brief at 4.) At no point in his argument does appellant allege any specific procedural errors committed by the trial court, aside from the due process issues that appellant addresses in his third issue, which we shall address ***infra***. "'The failure to develop an adequate argument in an appellate brief may [] result in waiver of the claim' under Pa.R.A.P. 2119." ***Commonwealth v. Beshore***, 916 A.2d 1128, 1140 (Pa.Super. 2007), ***appeal denied***, 982 A.2d 509 (Pa. 2007), quoting

***Commonwealth v. Gonzalez***, 608 A.2d 528, 531 (Pa.Super. 1992). Because appellant failed to develop his argument as to alleged procedural errors committed by the trial court, we find the issue to be waived.

In his third and final issue, appellant avers that he did not receive a fair trial because of due process violations allegedly committed by the trial court. (Appellant's brief at 4.) Before we can address the merits of appellant's claim, we must first look to whether appellant's claims have been previously litigated or waived. The PCRA requires that, in order for a petitioner to be eligible for relief, his or her claim cannot have been "previously litigated or waived." 42 Pa.C.S.A. § 9543(a)(3). The PCRA mandates that an issue is waived if "the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post-conviction proceeding." 42 Pa.C.S.A. § 9544(b). Our supreme court has stated that "a PCRA petitioner's waiver will only be excused upon a demonstration of ineffectiveness of counsel in waiving the issue." ***Commonwealth v. Albrecht***, 720 A.2d 693, 700 (Pa. 1998). An issue has been previously litigated if, "the highest appellate court in which [appellant] could have had review as a matter of right has ruled on the merits of the issue[.]" 42 Pa.C.S.A. § 9544(a)(2).

Here, appellant raised the issue on direct appeal; however, this court found his issue was waived because appellant had failed to raise the issue

with the trial court. **See Thomas**, No. 1412 MDA 2012 at *7. This court, however, did note the following in an alternative holding:[3]

> Even if we did not deem this issue to be waived, we would deny relief. Prejudice is presumed in certain criminal contexts where a structural error occurs. **See Arizone v. Fulminate**, 499 U.S. 279, 310 (1991) (defining a structural error as one "affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself."); **Commonwealth v. Johnson**, 600 Pa. 329, 966 A.2d 523, 538 n.6 (2009) (recognizing that this Court has presumed prejudice where a constitutional error has caused a total failure in the relevant proceeding). These limited circumstances involving structural errors include the right to counsel, **see Gideon v. Wainwright**, 372 U.S. 335 (1963); the right to a unanimous jury verdict beyond a reasonable doubt, **see Sullivan v. Louisiana**, 508 U.S. 275 (1993); and the right to represent one's self, **see McKaskle v. Wiggins**, 465 U.S. 168 (1984). The jury issue presented by Appellant does not implicate a structural error or a total failure in the relevant proceeding.
>
> Furthermore, the Pennsylvania Supreme Court has held that "one who claims that he has been denied a fair trial because of the pre-trial publicity must show actual prejudice in the empaneling of the jury." **Commonwealth v. Weiss**, 565 Pa. 504, 776 A.2d 958 ([2001]), **cert. denied**, 535 U.S. 1101 (2002). **Accord, Carter by Carter v. U.S. Steel Corp.**, 529 Pa. 409, 604 A.2d 1010 (1992) (relying on criminal cases to resolve a question of extraneous influence on a civil jury; "Once the existence of a potentially

---

[3] Alternative holdings are valid holdings that constitute the law of the case. **See Commonwealth v. Reed**, 971 A.2d 1216, 1220 (Pa. 2009) (where the Superior Court determined that Reed's claims were waived, and also determined that even if the claims had not been waived, they were without merit, and explained the basis for its conclusions, the alternative holding that Reed's claim regarding the admission of prior bad acts testimony was meritless was a valid holding that constituted the law of the case).

> prejudicial extraneous influence has been established by competent testimony, the trial judge must assess the prejudicial effect of such influence."). Because Appellant presents no evidence of extraneous influences and no evidence that the jury empaneled in this matter was actually prejudiced, he would not be entitled to relief.

*Id.* at *8 n.4.

At no point does appellant allege that his failure to raise any due process issues with the trial court was a result of ineffective assistance of counsel. Therefore, appellant is not eligible for relief on this issue because the matter has been previously litigated.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/25/2016